## CONCLUSION

We find no error in the county court's disposition of the various objections raised by the beneficiaries of the estate. The order of the county court overruling the beneficiaries' objections and ordering FNTC to proceed with the proposed distribution of the estate is affirmed.

AFFIRMED.

WRIGHT, J., not participating.

———————————

State of Nebraska, appellee, v.
Matthew Berney, appellant.
___ N.W.2d ___

Filed June 20, 2014.    Nos. S-13-829, S-13-830.

1. **Sentences: Appeal and Error.** An appellate court will not disturb a sentence imposed within the statutory limits absent an abuse of discretion by the trial court.
2. **Statutes: Appeal and Error.** Statutory interpretation presents a question of law, which an appellate court reviews independently of the lower court's determination.
3. **Judges: Words and Phrases.** A judicial abuse of discretion exists when the reasons or rulings of a trial judge are clearly untenable, unfairly depriving a litigant of a substantial right and denying just results in matters submitted for disposition.
4. **Sentences.** Generally, it is within a trial court's discretion to direct that sentences imposed for separate crimes be served either concurrently or consecutively.
5. ____. Unless prohibited by statute or unless the sentencing court states otherwise when it pronounces the sentences, multiple sentences imposed at the same time run concurrently with each other.

Appeals from the District Court for Douglas County: SHELLY R. STRATMAN, Judge. Affirmed in part, and in part remanded for resentencing.

Thomas C. Riley, Douglas County Public Defender, and John P. Ashford for appellant.

Jon Bruning, Attorney General, and Nathan A. Liss for appellee.

WRIGHT, CONNOLLY, STEPHAN, MCCORMACK, MILLER-LERMAN, and CASSEL JJ.

WRIGHT, J.

## NATURE OF CASE

Matthew Berney pled no contest to two counts of burglary. The district court held a habitual criminal enhancement hearing under Neb. Rev. Stat. § 29-2221 (Reissue 2008) and determined Berney to be a habitual criminal. He was sentenced to a term of 10 to 10 years' imprisonment for each conviction, and the court ordered the terms be served consecutively. Berney appeals, arguing that the court imposed excessive sentences and abused its discretion by imposing consecutive mandatory minimum sentences on the enhanced convictions. We affirm his convictions and his sentences of 10 to 10 years' imprisonment for each conviction, but we remand the cause for a determination by the sentencing court whether the sentences are to be served concurrently or consecutively.

## SCOPE OF REVIEW

[1] An appellate court will not disturb a sentence imposed within the statutory limits absent an abuse of discretion by the trial court. *State v. Castillas*, 285 Neb. 174, 826 N.W.2d 255 (2013).

[2] Statutory interpretation presents a question of law, which an appellate court reviews independently of the lower court's determination. *State v. Smith*, 286 Neb. 77, 834 N.W.2d 799 (2013).

## FACTS

On April 22, 2013, as part of a plea agreement, Berney pled no contest to two counts of burglary. On August 28, the district court held a habitual criminal enhancement hearing. It received evidence that Berney had at least two felony convictions, had served a minimum prison sentence of 1 year with the Nebraska Department of Correctional Services, and was represented by counsel during the prior proceedings. The court found that the prior convictions met the criteria of § 29-2221 for being a habitual criminal. It then found Berney to be a habitual criminal.

At sentencing, the district court reviewed a presentence investigation prepared and submitted by the state probation office and a sentencing memorandum prepared by Berney's counsel. The court heard testimony that Berney had spent much of his adult life struggling with methamphetamine addiction. Berney's attorney conveyed a message from Berney's mother that drug abuse made him someone his family did not recognize, but that when he was not on drugs, he tried "to do good things for other people." Berney had significant support at the time of sentencing, including addiction services. He also showed remorse for his actions.

After allocution, the district court sentenced Berney to a term of 10 to 10 years' imprisonment for each burglary conviction. Based on its interpretation of *State v. Castillas, supra*, the court concluded it was required to order the sentences to be served consecutively.

Berney timely appealed the sentences of the district court. We moved the case to our docket on our own motion. See Neb. Rev. Stat. § 24-1106(3) (Reissue 2008).

## ASSIGNMENTS OF ERROR

Berney assigns that the district court erred and abused its discretion by (1) imposing excessive sentences and (2) imposing mandatory minimum sentences to be served consecutively on the convictions enhanced by the habitual criminal statute.

## ANALYSIS

### Court Did Not Abuse Its
### Discretion in Sentencing

Berney argues that the district court abused its discretion in sentencing him to two consecutive sentences of 10 years' imprisonment, because it did not take into account mitigating factors that were relevant to him. He argues that the court did not consider the nonviolent nature of the offenses, that methamphetamine use was a mitigating factor, and that he took responsibility for his actions. He also argues the court should have taken into account treatment options that were available.

The State argues that the district court did not abuse its discretion, because it imposed the absolute minimum sentences

available. Because Berney was found by the court to be a habitual criminal, his convictions were punishable by a mandatory minimum of 10 years' imprisonment and a maximum of 60 years' imprisonment. He was sentenced to 10 to 10 years' imprisonment for each conviction, and the district court did not have discretion to impose anything less.

[3] An appellate court will not disturb a sentence imposed within the statutory limits absent an abuse of discretion by the trial court. *State v. Castillas*, 285 Neb. 174, 826 N.W.2d 255 (2013). A judicial abuse of discretion exists when the reasons or rulings of a trial judge are clearly untenable, unfairly depriving a litigant of a substantial right and denying just results in matters submitted for disposition. *State v. McGuire*, 286 Neb. 494, 837 N.W.2d 767 (2013).

Nebraska's habitual criminal statute provides:

Whoever has been twice convicted of a crime, sentenced, and committed to prison, in this or any other state . . . for terms of not less than one year each shall, upon conviction of a felony committed in this state, be deemed to be a habitual criminal and shall be punished by imprisonment . . . for a mandatory minimum term of ten years and a maximum term of not more than sixty years . . . .

§ 29-2221(1).

The district court determined, after a hearing, that Berney was a habitual criminal. Based on that determination, the minimum sentence the court could impose was a term of not less than 10 years. The court imposed a sentence of 10 years for each burglary conviction. It was not an abuse of discretion to sentence Berney to a term of 10 to 10 years' imprisonment for each burglary conviction.

## Mandatory Consecutive Minimum Sentence

Berney argues that Nebraska law does not require mandatory minimum sentences for crimes enhanced under the habitual criminal statute to be served consecutively. He asserts the district court improperly concluded that *State v. Castillas*, *supra*, required it to order the sentences be served consecutively. He argues that the statement in *Castillas* requiring mandatory

minimum sentences to be imposed consecutively was not germane to the holding affirming the defendant's sentences and therefore does not bind the lower courts. We agree.

In *Castillas*, the defendant's crimes, three counts of use of a deadly weapon to commit a felony, carried mandatory minimum sentences that were required by statute to be served consecutively to all other sentences imposed. Berney's convictions for burglary did not require a mandatory minimum sentence. See Neb. Rev. Stat. § 28-507 (Reissue 2008). Berney concedes that after he was found to be a habitual criminal, the mandatory minimum sentence of 10 years had to be imposed for each burglary conviction. But he asserts that the habitual criminal statute does not require the sentences to be served consecutively and that, therefore, the court erred as a matter of law in so concluding.

The State argues that *Castillas* required all mandatory minimum sentences to be served consecutively regardless of the statutory language of the offense. It asserts there is no difference between mandatory minimums that arise out of a specific offense and mandatory minimums that arise out of a habitual criminal enhancement. It claims there is no distinction between crimes which are required by statute to be served consecutively and all other crimes and enhancements that do not state whether the sentence must be served concurrently or consecutively. We disagree.

In *State v. Castillas*, 285 Neb. 174, 826 N.W.2d 255 (2013), we considered the defendant's claim that the sentence imposed by the trial court differed from the court's stated intention at sentencing. The defendant was convicted of multiple crimes, including three counts of use of a deadly weapon to commit a felony under Neb. Rev. Stat. § 28-1205 (Cum. Supp. 2012). He was sentenced to 5 to 10 years in prison on each conviction of use of a deadly weapon, as well as being sentenced to 5 to 20 years in prison for each conviction of discharging a firearm and 5 to 10 years in prison for second degree assault. The court ordered all sentences to be served consecutively.

When the trial court in *Castillas* announced the defendant's sentences, it informed him that he would be eligible for parole in 25 years. On appeal, the defendant argued that

based on the requirements for mandatory minimum sentences for the use of a weapon, and because the court ordered all the sentences to be served consecutively, he would not be eligible for parole in 25 years, but, rather, 27½ years. We agreed, but affirmed his sentences.

In *Castillas*, our focus was on the calculation to determine parole eligibility and whether a discrepancy between the trial court's intention and the actual sentence imposed resulted in prejudice to the defendant. We determined that although the court erred in its mathematical determination of the defendant's parole eligibility date, he was not prejudiced, because his sentences were still within the statutory limits.

In *Castillas*, the defendant's convictions for use of a deadly weapon to commit a felony required the trial court to impose both a mandatory minimum sentence and to order these sentences to be consecutive to any other sentence imposed. See § 28-1205(1)(c) and (3) and Neb. Rev. Stat. § 28-105(1) (Reissue 2008). In our analysis of the actual time the defendant had to serve before he would be eligible for parole, we had to take into account the mandatory minimums for the use of a weapon convictions and that the statute required a mandatory minimum sentence for each conviction for use of a weapon to be served consecutively to any other sentence imposed. The court ordered all of the defendant's sentences to run consecutively, not just his convictions for use of a deadly weapon.

When determining the amount of time the defendant in *Castillas* would be required to serve before being eligible for parole, we stated: "Mandatory minimum sentences cannot be served concurrently. A defendant convicted of multiple counts each carrying a mandatory minimum sentence must serve the sentence on each count consecutively." 285 Neb. at 191, 826 N.W.2d at 268. We were not speaking of enhancements under the habitual criminal statute, but of those specific crimes that required a mandatory minimum sentence to be served consecutively to other sentences imposed.

There is a distinction between a conviction for a crime that requires both a mandatory minimum sentence and mandates consecutive sentences, and the enhancement of the penalty for

a crime because the defendant is found to be a habitual criminal. In the former, the mandatory minimum sentence must be served consecutively to any other sentence imposed, because the statute for that crime requires it. In the latter, the law does not require the enhanced penalty to be served consecutively to any other sentence imposed. The sentence is left to the discretion of the court.

In the case at bar, burglary does not require a mandatory minimum sentence. The fact that the punishment was enhanced under the habitual criminal statute does not require the enhanced mandatory minimum penalties for such crimes to be served consecutively. Because the crime of burglary did not require mandatory minimum sentences, it was error for the district court to rely upon *State v. Castillas*, 285 Neb. 174, 826 N.W.2d 255 (2013), as authority that sentences enhanced under the habitual criminal statute must be served consecutively to each other.

The defendant in *Castillas* was convicted of crimes that carried mandatory minimums which were required by statute to be served consecutively to all other sentences imposed. Berney's convictions for burglary did not require mandatory minimum sentences, but were enhanced under the habitual criminal statute. This distinction is important. The habitual criminal statute requires a mandatory minimum sentence of 10 years. See § 29-2221(1). But nothing in the habitual criminal statute requires the enhanced sentences to be served consecutively.

[4,5] Generally, it is within a trial court's discretion to direct that sentences imposed for separate crimes be served either concurrently or consecutively. *State v. Policky*, 285 Neb. 612, 828 N.W.2d 163 (2013). Unless prohibited by statute or unless the sentencing court states otherwise when it pronounces the sentences, multiple sentences imposed at the same time run concurrently with each other. *State v. King*, 275 Neb. 899, 750 N.W.2d 674 (2008).

In *State v. King, supra*, the defendant was convicted of first degree sexual assault, kidnapping, and robbery. His sentences on these convictions were enhanced under the habitual criminal statute. He successfully appealed his habitual criminal

status, and on remand, the trial court sentenced him to a greater aggregate sentence but a term that would have equaled his sentence under the habitual criminal statute. In his subsequent appeal, we concluded that the trial court correctly sentenced the defendant on resentencing in order to have him serve the same amount of time in prison as it originally intended. We stated: "The court was required to impose mandatory minimum terms of 10 years for each felony conviction once it had found King to be a habitual criminal. But it was not required to impose consecutive sentences for these offenses." *Id.* at 907, 750 N.W.2d at 680.

Statutory interpretation presents a question of law, which an appellate court reviews independently of the lower court's determination. *State v. Smith*, 286 Neb. 77, 834 N.W.2d 799 (2013). We conclude that the habitual criminal statute does not require a court to impose the enhanced sentences consecutively to each other. See *State v. King, supra*. In the case at bar, the district court incorrectly concluded that the habitual criminal statute required the enhanced sentences be served consecutively to each other.

Trial courts have discretion to determine if a sentence will be served concurrently or consecutively. See *State v. Policky, supra*. In the case at bar, the court erroneously concluded that it was required to impose consecutive sentences on the two burglary convictions that were enhanced by the habitual criminal statute. Because the court believed it was required to impose the sentences consecutively, we cannot determine from the record whether it was the court's intention to require Berney to serve two consecutive 10-year sentences or whether, if permitted by law, the court would have ordered Berney's mandatory minimum sentences as enhanced to be served concurrently. We therefore remand the cause to the district court for resentencing to determine whether the sentences, as enhanced, should be served concurrently or consecutively.

## CONCLUSION

Because the district court found Berney to be a habitual criminal, it was required to sentence him to a minimum of 10 years' imprisonment for each burglary conviction. We affirm

his convictions and the finding that he is a habitual criminal. We also affirm the sentences of 10 years for each burglary conviction, as enhanced. However, we remand the cause to the district court to determine whether the sentences should be served concurrently or consecutively.

Affirmed in part, and in part
remanded for resentencing.

Heavican, C.J., not participating.