State of Nebraska, appellee, v.
Ronald L. Lantz, Sr., appellant.
___ N.W.2d ___

Filed April 23, 2015.    No. S-14-517.

1. **Sentences: Appeal and Error.** An appellate court will not disturb a sentence imposed within the statutory limits absent an abuse of discretion by the trial court.
2. **Statutes: Appeal and Error.** Statutory interpretation presents a question of law, which an appellate court reviews independently of the lower court's determination.
3. **Sentences.** Generally, it is within a trial court's discretion to direct that sentences imposed for separate crimes be served either concurrently or consecutively.
4. ____. In Nebraska, unless prohibited by statute or unless the sentencing court states otherwise when it pronounces the sentences, multiple sentences imposed at the same time run concurrently with each other.

Appeal from the District Court for Jefferson County: Paul W. Korslund, Judge. Judgment vacated, and cause remanded with directions.

James R. Mowbray and Kelly S. Breen, of Nebraska Commission on Public Advocacy, for appellant.

Jon Bruning, Attorney General, and Stacy M. Foust for appellee.

Heavican, C.J., Wright, Connolly, Stephan, McCormack, Miller-Lerman, and Cassel, JJ.

Wright, J.

### NATURE OF CASE

Ronald L. Lantz, Sr., was convicted of three counts of first degree sexual assault of a child, a crime which carries a mandatory minimum sentence. He was sentenced to 15 to 25 years' imprisonment on each count with two counts to be served consecutively and the third to be served concurrently with the other two.

On his direct appeal, the Nebraska Court of Appeals found plain error in the sentencing, remanded the cause, and ordered the district court to resentence Lantz to three consecutive sentences. *State v. Lantz*, 21 Neb. App. 679, 842 N.W.2d

216 (2014). On his appeal from the resentencing, we granted bypass in order to address sentencing for crimes carrying mandatory minimum penalties.

## SCOPE OF REVIEW

[1] An appellate court will not disturb a sentence imposed within the statutory limits absent an abuse of discretion by the trial court. *State v. Castillas*, 285 Neb. 174, 826 N.W.2d 255 (2013).

[2] Statutory interpretation presents a question of law, which an appellate court reviews independently of the lower court's determination. *State v. Smith*, 286 Neb. 77, 834 N.W.2d 799 (2013).

## FACTS

A jury convicted Lantz on three counts of first degree sexual assault of a child, defined in Neb. Rev. Stat. § 28-319.01 (Cum. Supp. 2014), which carries a mandatory minimum sentence of 15 years for the first offense. See, § 28-319.01(2); *State v. Lantz, supra*. The district court sentenced him to 15 to 25 years' imprisonment for each offense. Counts I and II were to run consecutively, whereas count III was to be served concurrently.

On direct appeal, the State argued that it was plain error to give Lantz a concurrent sentence for the third count of sexual assault, because § 28-319.01 prescribed a mandatory minimum sentence and, therefore, each sentence for a conviction under § 28-319.01 must be served consecutively. The Court of Appeals agreed with the State and affirmed the convictions but remanded the cause with directions for the district court to sentence Lantz consecutively on all three counts. The Court of Appeals relied on the following language from *Castillas*: "Mandatory minimum sentences cannot be served concurrently. A defendant convicted of multiple counts each carrying a mandatory minimum sentence must serve the sentence on each count consecutively." 285 Neb. at 191, 826 N.W.2d at 268.

On May 8, 2014, pursuant to the opinion of the Court of Appeals, the district court resentenced Lantz to 15 to 25

years' imprisonment for counts I, II, and III, each to be served consecutively.

Lantz petitioned this court for further review and assigned that the Court of Appeals erred in ordering the district court to resentence him to three consecutive sentences. Lantz asserted that unlike mandatory minimum sentences for use of a deadly weapon under Neb. Rev. Stat. § 28-1205 (Cum. Supp. 2014), which specifically requires that the sentences be served consecutively to all other sentences, mandatory minimum sentences for first degree sexual assault of a child are not required by § 28-319.01 to be served consecutively to any other sentence imposed. We denied further review.

On June 20, 2014, we issued our opinion in *State v. Berney*, 288 Neb. 377, 847 N.W.2d 732 (2014). In *Berney*, a district court interpreted our decision in *Castillas* to mean that a sentence for any crime with a mandatory minimum sentence must be served consecutively. The court applied the rule to the two burglary convictions of a defendant who had been convicted of being a habitual criminal. The court sentenced Matthew Berney to two 10-year minimum sentences, to be served consecutively. In *Berney*, 288 Neb. at 382, 847 N.W.2d at 736, we clarified our holding in *State v. Castillas*, 285 Neb. 174, 826 N.W.2d 255 (2013), stating, "We were not speaking of enhancements under the habitual criminal statute, but of those specific crimes that required a mandatory minimum sentence to be served consecutively to other sentences imposed."

Lantz now argues that our holding in *Berney* conflicts with the Court of Appeals' decision in *State v. Lantz*, 21 Neb. App. 679, 842 N.W.2d 216 (2014), and that the district court had discretion to impose concurrent sentences. Lantz' fundamental argument is that § 28-319.01 does not prescribe that sentences for crimes under that section be served consecutively in the same manner as provided under § 28-1205(3) and that therefore, the district court retains its discretion to order concurrent sentences.

We granted bypass on Lantz' appeal.

## ASSIGNMENT OF ERROR

Lantz assigns that the Court of Appeals erred in ordering the district court to resentence his three convictions to be served consecutively to each other because § 28-319.01 does not require sentences to be served consecutively.

## ANALYSIS

We are presented with a question of statutory interpretation. The question is whether a defendant convicted of multiple crimes each carrying a mandatory minimum sentence must serve the sentence on each crime consecutively. Based upon our statements in *State v. Castillas*, 285 Neb. 174, 826 N.W.2d 255 (2013), the Court of Appeals concluded that mandatory minimum sentences cannot be served concurrently. See *State v. Lantz, supra*. Five months after the Court of Appeals' opinion was filed, we released our decision in *State v. Berney, supra*.

Berney pled no contest to two counts of burglary. His crimes were enhanced under the habitual criminal statute, which provides that each crime enhanced under that statute carries a mandatory minimum sentence of 10 years. See Neb. Rev. Stat. § 29-2221(1) (Reissue 2008). Berney was sentenced to the mandatory minimum of 10 years for each conviction, and the court ordered the sentences to be served consecutively. Based on its interpretation of *State v. Castillas, supra*, the lower court concluded it was required to order the sentences to be served consecutively. Berney appealed, claiming the court abused its discretion by imposing consecutive sentences on the enhanced convictions. We affirmed his convictions and sentences of 10 to 10 years' imprisonment on each conviction, but we remanded the cause to the sentencing court for a determination of whether the sentences were to be served concurrently or consecutively. See *State v. Berney, supra*.

Because of the conflict between our opinion in *State v. Berney, supra*, and the Court of Appeals' opinion in *State v. Lantz, supra*, we granted bypass of Lantz' appeal from his sentencing to three consecutive sentences of 15 to 25 years' imprisonment for each conviction of first degree sexual assault of a child.

The Court of Appeals, using the above language from our decision in *State v. Castillas, supra*, found plain error because the district court did not sentence Lantz to three consecutive sentences. The Court of Appeals' decision was filed after our opinion in *Castillas* but before we filed our decision in *State v. Berney*, 288 Neb. 377, 847 N.W.2d 732 (2014). In *Berney*, we distinguished and limited our holding in *Castillas* to those specific crimes that required a mandatory minimum sentence to be served consecutively to all other sentences imposed. We noted there was a distinction between (1) a conviction for a crime that requires both a mandatory minimum sentence and mandates consecutive sentencing and (2) the enhancement of the penalty for a crime under the habitual criminal statute. See *State v. Berney, supra*. In the former, the mandatory sentence must be served consecutively to any other sentence imposed because the statute for that crime requires it. In the latter, the statute does not require the enhanced penalty to be served consecutively to any other sentence imposed, and therefore, the sentence is left to the discretion of the court. Since Berney was convicted of burglary, which did not require a mandatory minimum sentence, the punishment enhanced under the habitual criminal statute did not require the enhanced penalties to be served consecutively.

The tension between *Berney* and *Lantz* was created by the overly broad language used in *State v. Castillas*, 285 Neb. 174, 826 N.W.2d 255 (2013). David Castillas was convicted of two counts of discharging a firearm at a dwelling while in or near a motor vehicle, one count of second degree assault, and three counts of use of a firearm to commit a felony. The aggregate sentences amounted to 30 to 80 years: 5 to 20 years in prison on each conviction of discharging a firearm, 5 to 10 years in prison on the conviction of second degree assault, and 5 to 10 years in prison on each conviction of use of a weapon to commit a felony. The court ordered all sentences to be served consecutively. At sentencing, the court advised Castillas that he would be parole eligible in 25 years and that, if he lost no "good time," he would be released after 40 years. On appeal, Castillas assigned, inter alia, that the court erred

in ordering a sentence that was substantially different from its intended sentence.

Only the conviction of second degree assault did not carry a mandatory minimum sentence of 5 years in prison. Each of the three sentences for use of a weapon under § 28-1205 were required by statute to be served consecutively to all other sentences.

Because all the sentences were ordered to be served consecutively, the only good time that could be earned was on the 5-year sentence for second degree assault, which was Castillas' only conviction not carrying a mandatory minimum. Neb. Rev. Stat. § 83-1,110 (Reissue 2014) provides that good time reductions do not apply to mandatory minimum sentences. We concluded that the trial court had erred in telling Castillas that he would be eligible for parole in 25 years, because he would have to serve a minimum of 27½ years before parole eligibility. We affirmed the sentences because Castillas was given valid sentences, even though the sentences were contrary to the court's stated intent. But our language was overly broad regarding our discussion of mandatory minimum sentences. "Mandatory minimum sentences cannot be served concurrently. A defendant convicted of multiple counts each carrying a mandatory minimum sentence must serve the sentence on each count consecutively." *Castillas*, 285 Neb. at 191, 826 N.W.2d at 268. We clarified this statement in *Berney*, 288 Neb. at 382-83, 847 N.W.2d at 736, stating:

> We were not speaking of enhancements under the habitual criminal statute, but of those specific crimes that required a mandatory minimum sentence to be served consecutively to other sentences imposed.
>
> There is a distinction between a conviction for a crime that requires both a mandatory minimum sentence and mandates consecutive sentences, and the enhancement of the penalty for a crime because the defendant is found to be a habitual criminal. In the former, the mandatory minimum sentence must be served consecutively to any other sentence imposed, because the statute for that crime requires it. In the latter, the law does not require the enhanced penalty to be served consecutively to any other

sentence imposed. The sentence is left to the discretion of the court.

To the extent that our language in *Castillas* can be interpreted to mean that all convictions carrying a mandatory minimum sentence must be served consecutively to all other sentences, such interpretation is expressly disapproved.

With that said, we proceed to Lantz' claim that it was error to order the district court to sentence him to three consecutive sentences for first degree sexual assault of a child. In *State v. Castillas*, 285 Neb. 174, 826 N.W.2d 255 (2013), we were speaking of those specific crimes that require a mandatory minimum sentence to be served consecutively to other sentences imposed. Our overly broad language, upon which the Court of Appeals relied, was misleading.

[3,4] Generally, it is within a trial court's discretion to direct that sentences imposed for separate crimes be served either concurrently or consecutively. *State v. Policky*, 285 Neb. 612, 828 N.W.2d 163 (2013). In Nebraska, unless prohibited by statute or unless the sentencing court states otherwise when it pronounces the sentences, multiple sentences imposed at the same time run concurrently with each other. *State v. King*, 275 Neb. 899, 750 N.W.2d 674 (2008).

Our conclusion reflects our deference to the Legislature's intent in statutorily prescribing criminal penalties. The Legislature included a provision in § 28-1205 expressly requiring consecutive sentencing, but it did not do so in other sections of the criminal code imposing mandatory minimum sentences. Additionally, the Legislature provided very specific penalty guidelines for mandatory minimum sentences in § 83-1,110(1).

Together, the above statutes demonstrate that the Legislature uses very specific language to prescribe sentencing guidelines. Therefore, we conclude that the exclusion of a requirement that all mandatory minimum sentences be served consecutively was intended to leave this issue to the discretion of the trial court.

Consequently, we find that it was not plain error for the district court to sentence Lantz concurrently for his third conviction under § 28-319.01.

## CONCLUSION

For the reasons stated above, we vacate the district court's May 8, 2014, resentencing order and we remand the cause with directions to reinstate the original sentences imposed by the district court ordering that the sentences for counts I and II be served consecutively and that the sentence for count III be served concurrently.

Judgment vacated, and cause
remanded with directions.

---

Melanie M., individually and as next friend of
Gaige M. et al., her minor children, appellant,
v. Kerry T. Winterer and Ryan C. Gilbride,
in their individual and official capacities
as employees and agents of the State of
Nebraska, Department of Health and
Human Services, and the State of
Nebraska, Department of Health
and Human Services, appellees.

___ N.W.2d ___

Filed April 23, 2015.    No. S-14-538.

1. **Summary Judgment: Appeal and Error.** An appellate court will affirm a lower court's grant of summary judgment if the pleadings and admitted evidence show that there is no genuine issue as to any material facts or as to the ultimate inferences that may be drawn from the facts and that the moving party is entitled to judgment as a matter of law.

2. ____: ____. In reviewing a summary judgment, an appellate court views the evidence in the light most favorable to the party against whom the judgment was granted, and gives that party the benefit of all reasonable inferences deducible from the evidence.

3. **Administrative Law: Statutes: Appeal and Error.** To the extent that the meaning and interpretation of statutes and regulations are involved, questions of law are presented which an appellate court decides independently of the decision made by the court below.

4. **Constitutional Law: Due Process.** The process required under the Due Process Clause of the 14th Amendment is that necessary to provide "fundamental fairness" under the particular facts of the case.