IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. JOHNSON

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

KENNETH B. JOHNSON, APPELLANT.

Filed June 30, 2015.    No. A-15-110.

Appeal from the District Court for Clay County: VICKY L. JOHNSON, Judge. Affirmed.

Benjamin H. Murray, of Germer, Murray & Johnson, for appellant.

Douglas J. Peterson, Attorney General, and Stacy M. Foust for appellee.

MOORE, Chief Judge, and IRWIN and RIEDMANN, Judges.

MOORE, Chief Judge.

## INTRODUCTION

Pursuant to a plea agreement, Kenneth B. Johnson pled guilty to two counts of manslaughter. The district court for Clay County sentenced Johnson to consecutive terms of imprisonment. In this appeal, Johnson argues that he received excessive sentences and also raises various claims of ineffective assistance of counsel. We find no merit to Johnson's arguments and affirm.

## FACTUAL BACKGROUND

In the early morning hours of August 28, 2014, Johnson operated a semi-truck which carried a load of sand to be delivered to a town in Oklahoma. While driving southbound on Highway 14, Johnson failed to stop at the intersection of Highway 14 and Highway 6, despite the presence of various warnings. Johnson's semi-truck collided with another vehicle and three of the vehicle's occupants sustained fatal injuries. The fourth occupant suffered serious injuries, but

- 1 -

survived the accident. Subsequent accident reconstructions revealed that Johnson did not attempt to stop before the intersection and Johnson admitted to law enforcement that he failed to recognize the stop signs posted at the intersection. Johnson was placed under arrest at the scene of the accident.

On October 8, 2014, the State filed an information charging Johnson with three counts of manslaughter. The State also alleged that Johnson was a habitual criminal. Pursuant to a written plea agreement, Johnson pled no contest to two counts of manslaughter in exchange for the dismissal of the third manslaughter charge and the habitual criminal allegation.

The district court sentenced Johnson to two consecutive terms of not less than 20 years nor more than 20 years' imprisonment for the manslaughter convictions. Johnson received credit for 139 days for time served. Johnson has filed a timely appeal.

## ASSIGNMENTS OF ERROR

Johnson claims the district court erred in imposing excessive sentences. He also asserts that he received ineffective assistance of counsel.

## STANDARD OF REVIEW

An appellate court will not disturb a sentence imposed within the statutory limits absent an abuse of discretion by the trial court. *State v. Berney*, 288 Neb. 377, 847 N.W.2d 732 (2014). An abuse of discretion occurs when a trial court's decision is based upon reasons that are untenable or unreasonable or if its action is clearly against justice or conscience, reason, and evidence. *State v. Bauldwin*, 283 Neb. 678, 811 N.W.2d 267 (2012).

Whether a claim of ineffective assistance of trial counsel may be determined on direct appeal is a question of law. *State v. Abdullah*, 289 Neb. 123, 853 N.W.2d 858 (2014). In reviewing claims of ineffective assistance of counsel on direct appeal, an appellate court decides only questions of law: Are the undisputed facts contained within the record sufficient to conclusively determine whether counsel did or did not provide effective assistance and whether the defendant was or was not prejudiced by counsel's alleged deficient performance? *State v. Castillo-Zamora*, 289 Neb. 382, 855 N.W.2d 14 (2014).

## ANALYSIS

*Excessive Sentence.*

Johnson's primary argument on appeal focuses on his claim that he received excessive sentences. As noted above, Johnson received two consecutive prison sentences of 20 to 20 years as a result of his manslaughter convictions. He does not contend that these sentences exceed the statutory limits for manslaughter, but, rather, asserts that the court incorrectly applied numerous factors when determining the sentences. Johnson particularly argues that the court should have considered that his prior criminal history is remote in time and the fact that his truck had an exhaust leak as mitigating factors against lengthy sentences. He also contends that the court placed undue weight on the probation officer's recommendation for maximum jail sentences. Johnson claims the probation officer's report contains misleading statements related to his remorse and acceptance of responsibility.

Pursuant to a plea agreement, Johnson was convicted of two counts of manslaughter, a Class III felony. Neb. Rev. Stat. § 28-305 (Reissue 2008). Class III felonies are punishable by a minimum of 1 year imprisonment and a maximum of 20 years' imprisonment, a $25,000 fine, or both. See Neb. Rev. Stat. § 28-105 (Cum. Supp. 2014). Although Johnson's sentences are at the maximum limit for Class III felonies, a sentence at the maximum limit is still within the statutory limits and only when the sentence exceeds the statutory limits does it become "excessive" as a matter of law. See *State v. Huff*, 282 Neb. 78, 802 N.W.2d 77 (2011). Because Johnson's sentences are within the statutory limits, we review them for an abuse of discretion.

When imposing a sentence, the sentencing judge should consider the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law-abiding conduct, and (6) motivation for the offense, as well as (7) the nature of the offense and (8) the violence involved in the commission of the offense. *State v. Stevens*, 290 Neb. 460, 860 N.W.2d 717 (2015). The sentencing court is not limited to any mathematically applied set of factors. *Id*. The appropriateness of a sentence is necessarily a subjective judgment and includes the sentencing judge's observation of the defendant's demeanor and attitude and all the facts and circumstances surrounding the defendant's life. *Id*.

At the sentencing hearing, the district court discussed the factors it had considered when determining the sentences to impose. The court considered Johnson's age and prior criminal history, the probation officer's recommendation, Johnson's familial situation, the specific factors of the accident, the benefit Johnson received from the plea agreement, and the effect the accident had on the victims. After weighing these factors, the court concluded that lengthy sentences were necessary to reflect the serious nature of Johnson's offenses. This conclusion was not an abuse of discretion.

At the time of sentencing, Johnson was 53 years old and had a lengthy criminal history. He has served prison terms in Oregon for first degree burglary and theft and for possessing a firearm as a felon. In addition to those prison terms, Johnson has also received terms of probation for driving while his license was suspended or revoked and for driving under the influence. Additionally, at the time of the accident, Johnson was on federal probation for possession of a firearm/ammunition by a prohibited person. Johnson's criminal history does not serve as a mitigating factor against his lengthy sentences.

Similarly, the fact that Johnson's semi-truck had an exhaust leak at the time of the accident does not mitigate against his sentences. The presentence investigation report demonstrates this leak did not contribute to the crash. Trooper Okamoto with the Nebraska State Patrol completed an inspection report following the accident. Okamoto's report indicates an exhaust leak under the truck's sleeper existed prior to the crash. However, Okamoto concluded this exhaust leak did not constitute an "out of service violation" and he did not discover any vehicle violations which could have contributed to the crash. Because there was no evidence this leak was an intervening factor in the accident, the district court did not err when it stated Johnson's semi-truck was fully functional and mechanical failure did not contribute to the accident.

Finally, the district court did not place improper weight on the probation officer's recommendation that Johnson receive maximum sentences. The record shows that the probation officer's recommendation that Johnson receive maximum sentences was only one of the factors

the court considered when imposing its sentences. The probation officer reported that Johnson disliked probation and wanted no part of probation or parole. In addition, the probation officer noted that Johnson did not show any remorse for the victims and did not take accountability for his actions. Johnson argues the probation officer's conclusions are misleading because he sent a letter after the interview in which he claims he expressed remorse for the accident and accepted responsibility for his actions. In the same letter, Johnson also stated that his reservations toward probation were related to his prior experiences in Wisconsin. This letter was included within the presentence report which the court stated it had reviewed prior to the sentencing hearing. There is nothing in the record to show that the court placed improper weight on the probation officer's recommendation.

Because Johnson's sentences are supported by competent evidence and fall within the statutory guidelines, we conclude the district court did not abuse its discretion in imposing the sentences.

*Ineffective Assistance of Counsel.*

Johnson has obtained new, different counsel for this direct appeal. When a defendant's trial counsel is different from his or her counsel on direct appeal, the defendant must raise on direct appeal any issue of trial counsel's ineffective performance which is known to the defendant or is apparent from the record. Otherwise, the issue will be procedurally barred. *State v. Newman*, 290 Neb. 572, 861 N.W.2d 123 (2015).

A plea of guilty generally embodies a waiver of every defense to the charge, whether procedural, statutory, or constitutional. *State v. Payne*, 289 Neb. 467, 855 N.W.2d 783 (2014). When a defendant pleads guilty, he or she is limited to challenging whether the plea was understandingly and voluntarily made and whether it was the result of ineffective assistance of counsel. *Id.* Johnson has raised various claims of ineffective assistance of counsel including that his counsel failed to (1) investigate the case thoroughly, (2) review the presentence investigation report, (3) discuss the presentence investigation report with him prior to sentencing, (4) inform him of the possibility that he could withdraw his plea before sentencing, and (5) advise him that his sentencing hearing could be continued in order to obtain further evidence to contradict the presentence investigation report.

To prevail on a claim of ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the defendant must show that his or her counsel's performance was deficient and that this deficient performance actually prejudiced the defendant's defense. *State v. Filholm*, 287 Neb. 763, 848 N.W.2d 571 (2014). Claims of ineffective assistance of counsel raised for the first time on direct appeal do not require dismissal ipso facto; the determining factor is whether the record is sufficient to adequately review the question. *State v. Ortega*, 290 Neb. 172, 859 N.W.2d 305 (2015).

The record is sufficient to reach the merits of all of Johnson's claims of ineffective assistance of counsel in this direct appeal. We conclude that none of these claims entitles him to relief. First, Johnson's counsel did not perform deficiently in her investigation of his case. Johnson seems to argue that his attorney should have more thoroughly investigated the vehicle inspection report's conclusion that the exhaust leak was not a contributing factor to the accident. However,

counsel's investigation of the exhaust leak would not have changed the outcome of the case. The vehicle inspection report indicated that the exhaust leak did not contribute to the accident. The accident reconstruction report, also contained in the presentence investigation report, indicated that Johnson made no attempt to brake prior to the collision. Johnson repeatedly admitted to law enforcement at the accident scene that he simply missed the stop signs at the intersection and did not attempt to stop his truck prior to the collision. Because of those admissions, his attorney did not deficiently perform in her investigation of the exhaust leak.

Next, Johnson's claims that his counsel was ineffective for failing to review the presentence investigation report and discuss that report with him are definitively refuted by the record. At the sentencing hearing, Johnson's counsel informed the court that she had reviewed the presentence investigation report and had done so with Johnson. Johnson also confirmed that he had reviewed this report with his attorney prior to the sentencing hearing.

Finally, Johnson's claims that his counsel was ineffective for failing to inform him of the options to withdraw his plea prior to sentencing or continue the sentencing hearing are also without merit. These two claims apparently relate to Johnson's contention that the presentence investigation report contained misinformation regarding the lack of any mechanical problems with his semi-truck which would have contributed to the accident, his adversity to being placed on probation, and his lack of remorse.

As we discussed above in regard to the claim of excessive sentences, the vehicle inspection report indicates that the exhaust leak which Johnson refers to was under the sleeper cab and was not a contributing cause of the accident. The report stated that there were no violations on the truck that would have contributed to the accident. In addition, the accident reconstruction report indicates that Johnson made no attempt to brake prior to the collision which is consistent with Johnson's statements to law enforcement immediately after the accident that he did not see the stop signs and did not attempt to stop. Thus, Johnson's counsel could not have performed deficiently in failing to advise Johnson to withdraw his plea or request a continuance of the sentencing for this reason.

The probation officer stated that Johnson disliked probation. The letter which Johnson provided to the court in the presentence investigation report stated that Johnson did not favor probation because he had a bad experience with probation in Wisconsin and he had trouble forgetting about this experience. Johnson further wrote in the letter that "he just want[s] to go away and put this all behind [him]" and that he preferred that probation or parole not be given as a sentence. This letter supports the probation officer's conclusion that Johnson did not wish to receive probation and does not support a conclusion that Johnson's attorney was deficient in failing to advise Johnson to withdraw his plea or request a continuance of the sentencing hearing.

With regard to Johnson's lack of remorse, the probation officer did state in the presentence investigation report that Johnson did not show any remorse for having caused the accident or the deaths and injuries to the other vehicle's occupants. Instead, he repeatedly indicated that he did not know how the accident could have happened. In his letter to the probation officer, Johnson stated: "I just wish this would have never happened and there is no possible way I could ever express how sorry I am that it did. I just wish I could understand why." As mentioned previously, this letter was contained in the materials submitted to and considered by the court at sentencing.

Finally, Johnson's trial counsel did argue at sentencing that Johnson was remorseful for the accident. Thus, the record refutes any claim that Johnson's counsel was somehow deficient in failing to advise Johnson to withdraw his plea or seek continuance of the sentencing on this basis.

## CONCLUSION

The district court did not impose excessive sentences and Johnson did not receive ineffective assistance of counsel.

AFFIRMED.