IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. SESSIONS

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

MICHAEL SESSIONS, APPELLANT.

Filed March 31, 2020.    No. A-19-403.

Appeal from the District Court for Scotts Bluff County: ANDREA D. MILLER, Judge. Affirmed.

Michael J. Wilson, of Schaefer Shapiro, L.L.P., for appellant.

Douglas J. Peterson, Attorney General, and Melissa R. Vincent for appellee.

PIRTLE, BISHOP, and ARTERBURN, Judges.

BISHOP, Judge.

## I. INTRODUCTION

Michael Sessions appeals the order of the Scotts Bluff County District Court which denied his motion for postconviction relief without an evidentiary hearing. We affirm.

## II. BACKGROUND

### 1. PLEA AND DIRECT APPEAL

On June 5, 2014, the State filed an information charging Sessions with a total of six counts: Count I, third degree sexual assault of a child, a Class IIIA felony, pursuant to Neb. Rev. Stat. § 28-320.01(3) (Reissue 2016); Count II, first degree sexual assault, a Class II felony, pursuant to Neb. Rev. Stat. § 28-319(1)(c) and (2) (Reissue 2016); Counts III and IV, first degree sexual assault of a child, each a Class IB felony, pursuant to Neb. Rev. Stat. § 28-319.01(2) (Reissue 2016); and

Counts V and VI, incest, each a Class III felony, pursuant to Neb. Rev. Stat. § 28-703 (Reissue 2008). Counts I, II, and V named alleged victim M.S. Counts III, IV, and VI named alleged victim K.S.

The State filed an amended information on August 14, 2014, charging Sessions with two counts of first degree sexual assault (M.S. and K.S. were named victims), each a Class II felony, pursuant to § 28-319(1)(c) and (2). A written plea agreement was filed on August 18.

At a hearing on August 18, 2014, Sessions pled no contest to both counts in the amended information. After a factual basis was presented by the State, the district court accepted Sessions' no contest pleas to both counts and found him guilty of the same. After a hearing on September 30, the court sentenced Sessions to consecutive sentences of 30 to 40 years' imprisonment on each count.

In his direct appeal, case No. A-14-888, Sessions, still represented by his trial counsel, assigned that the district court abused its discretion by imposing excessive and consecutive sentences. This court summarily affirmed the judgment of the district court on January 28, 2015, and Sessions' petition for further review was denied on March 11. This court's mandate was issued on March 31, and the district court's order spreading the mandate was filed on April 6.

### 2. POSTCONVICTION

On March 30, 2016, Sessions, represented by new counsel, filed a verified motion for postconviction relief. An amended verified motion for postconviction relief was filed on March 30, 2017 (the amended motion contained a second claim of ineffective assistance of counsel that is not at issue in this appeal). In both the original and amended postconviction motions, and as relevant to this appeal, Sessions alleged his trial counsel provided ineffective assistance when counsel failed to correctly advise Sessions as to "the available options and possible consequences" prior to the entry of Sessions' no contest plea, and therefore Sessions' plea was not voluntary, knowing, and intelligent because he did not understand the sentences he would have faced had he exercised his right to trial. More specifically, Sessions claimed that the written plea agreement drafted by his trial counsel contained an incorrect advisement concerning the district court's discretion to sentence Sessions on the two Class IB felonies charged in the original information. According to Sessions, the agreement stated that the district court "may not" have the discretion to run the mandatory minimum sentences for the Class IB felonies concurrently. And after summarizing the facts of two Nebraska Supreme Court cases, the agreement further stated that Nebraska case law was "uncertain" and "may . . . require" the district court to order that Sessions serve the two 15-year mandatory minimum sentences consecutive to one another. In his postconviction motion, Sessions claims the law was clear that sentences for the two Class IB felonies could have run concurrently, and that his trial counsel's failure to advise him of such prejudiced him because he would have insisted on going to trial had he been correctly advised. In asserting prejudice, Sessions claimed that because he assumed his trial counsel's erroneous advice was correct--that the district court could have been required to order him to serve the two 15-year mandatory minimum sentences consecutively--his best case scenario following an unsuccessful trial worsened from 15 years in prison (if sentences were concurrent) to 30 calendar years in prison (if sentences were consecutive), and that was a risk he was not willing to take and was the reason he entered a plea.

A status hearing was held on November 9, 2018. The district court determined that a records review hearing needed to be scheduled to determine whether a full evidentiary hearing was necessary in this case.

A records review hearing was held on December 28, 2018. In its order subsequently filed on March 28, 2019, the district court denied Sessions' motion for postconviction relief without an evidentiary hearing. The district court found,

> Sessions failed to acknowledge that he was correctly advised in writing that because his case had multiple charges, the Court could impose sentences concurrently which means at the same time or consecutively which means back to back. This is a correct statement of the law which existed at the time of Mr. Sessions plea. *The only confusion regarding trial counsels [sic] advisement is whether the Court had discretion in deciding whether or not to run the two [IB] felonies consecutively. The written plea agreement certainly conveys that the consecutive sentences were an option* for the Court. Stated otherwise, *whether it was mandatory or not, the discretion given to the sentencing Court to run the counts consecutively still existed and the risk Mr. Sessions cites as too risky for trial was present.* Mr. Sessions still faced two IB felonies that could be sentenced consecutively and thus faced 30 calendar years when he accepted the plea.

(Emphasis supplied.) The court further noted that Sessions received a "very favorable" plea agreement with the reduction of charges and the dismissed charges; "He went from facing two mandatory minimum 15 year charges to no mandatory minimums." The court stated that Sessions offered nothing "other than his own self-serving statement" that would show that but for counsel's confusion on the discretion of the sentencing court, that he would have insisted on going to trial. The court found that Sessions failed to show any deficiency by counsel, and that even if counsel was deficient, Sessions had shown no facts that the deficiency prejudiced him. Accordingly, the court denied Sessions' motion for postconviction relief without an evidentiary hearing.

Sessions appeals.

### III. ASSIGNMENTS OF ERROR

Sessions assigns, restated, that the district court erred by denying him an evidentiary hearing on his claim that trial counsel erroneously advised him of the possible consequences of losing at trial and that he was prejudiced as a result of the incorrect advisement.

### IV. STANDARD OF REVIEW

In appeals from postconviction proceedings, an appellate court reviews de novo a determination that the defendant failed to allege sufficient facts to demonstrate a violation of his or her constitutional rights or that the record and files affirmatively show that the defendant is entitled to no relief. *State v. Oliveira-Coutinho*, 304 Neb. 147, 933 N.W.2d 825 (2019).

### V. ANALYSIS

When, as here, a defendant was represented both at trial and on direct appeal by the same counsel, the defendant's first opportunity to assert ineffective assistance of counsel is in a motion for postconviction relief. *State v. Henderson*, 301 Neb. 633, 920 N.W.2d 246 (2018).

A court must grant an evidentiary hearing to resolve the claims in a postconviction motion when the motion contains factual allegations which, if proved, constitute an infringement of the defendant's rights under the Nebraska or federal Constitution. *State v. Privett*, 303 Neb. 404, 929 N.W.2d 505 (2019). A defendant is required to make specific allegations instead of mere conclusions of fact or law in order to receive an evidentiary hearing for postconviction relief. *Id*. When a district court denies postconviction relief without conducting an evidentiary hearing, an appellate court must determine whether the petitioner has alleged facts that would support the claim and, if so, whether the files and records affirmatively show that he or she is entitled to no relief. *Id*.

Generally, a voluntary guilty plea or plea of no contest waives all defenses to a criminal charge. *Id*. Thus, when a defendant pleads guilty or no contest, he or she is limited to challenging whether the plea was understandingly and voluntarily made and whether it was the result of ineffective assistance of counsel. *Id*. In a postconviction proceeding brought by a defendant convicted because of a guilty plea or a plea of no contest, a court will consider an allegation that the plea was the result of ineffective assistance of counsel. *Id*. Because Sessions pled no contest to the charges, we will consider his allegation that the plea was the result of ineffective assistance of trial counsel.

In order to establish a right to postconviction relief based on a claim of ineffective assistance of counsel, the defendant has the burden, in accordance with *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), to show that counsel's performance was deficient; that is, counsel's performance did not equal that of a lawyer with ordinary training and skill in criminal law. *State v. Privett, supra*. Next, the defendant must show that counsel's deficient performance prejudiced the defense in his or her case. *Id*. When a conviction is based upon a guilty plea, the prejudice requirement for an ineffective assistance of counsel claim is satisfied if the defendant shows a reasonable probability that but for the errors of counsel, the defendant would have insisted on going to trial rather than pleading guilty. *Id*. The two prongs of the ineffective assistance of counsel test under *Strickland*, deficient performance and prejudice, may be addressed in either order. *State v. Privett, supra*.

1. DEFICIENCY OF COUNSEL

In his brief, Sessions states that his trial counsel provided ineffective assistance "by advising him that the district court could be compelled to impose consecutive sentences for two I-B felonies if he lost at trial." Brief for appellant at 9.

(a) Written Plea Agreement

The written and signed plea agreement is in the record before us and contains the sentencing ranges for each of the six counts charged in the original information, including that each of the two Class IB felonies were punishable by "a mandatory minimum sentence of 15 years to a life sentence." After recounting the sentencing ranges for each count charged in the original information, the agreement states that a conviction of any of the charges would require registration as a sex offender. It then states:

> If convicted, because there are multiple charges sentences can be concurrent, which means at the same time, or consecutive which means back to back, in the discretion of the Court.

The defendant has been apprized [sic] that in **State v. Berney,** 288 Neb. 377 (2014) the Supreme Court of Nebraska [sic] that mandatory minimum sentences for being a habitual criminal and a burglary convictions [sic] was not required, but was in the discretion of the trial court. The Supreme Court held the trial court erroneously concluded that it was required to impose consecutive sentences on the two burglary convictions that were enhanced by the habitual criminal statute. Because the trial court believed it was required to impose sentences consecutively. Reversed.

<u>**State v. Castillas, 285 Neb. 174, 826 N.W.2d 255 (2013)**</u>, the defendant's convictions for use of a deadly weapon to commit a felony required the trial court to impose both a mandatory minimum sentence and to order these sentences to be consecutive to any other sentence imposed[.]

Therefore the Supreme Court may, or may not require the IB felonies, if convicted to be consecutive. The law is uncertain in that regard. However, conviction of a IB felony would require a mandatory minimum sentence of 15 years of incarceration during which time the defendant would not be eligible for parole, nor good time.

(Bold and underscoring in original.)

(b) State of Nebraska Law at Time of Sessions' Plea

In *State v. Castillas*, 285 Neb. 174, 826 N.W.2d 255 (2013), Castillas was convicted of two counts of discharging a firearm at a dwelling while in or near a motor vehicle, one count of second degree assault, and three counts of use of a deadly weapon to commit a felony. He was sentenced to 5 to 20 years in prison on each of his two convictions of discharging a firearm (each conviction required a mandatory minimum of 5 years' imprisonment), 5 to 10 years in prison on the conviction of second degree assault (no mandatory minimum sentence), and 5 to 10 years in prison on each of his three convictions of use of a weapon to commit a felony (each conviction required a mandatory minimum of 5 years' imprisonment; use of a weapon statute specifically stated that sentences imposed under this section were required to be consecutive to any other sentence imposed). The district court stated that all sentences were to be served consecutively. Castillas appealed alleging, in relevant part, that the district court erred by imposing sentences which failed to achieve the court's expressed intent of making him eligible for parole in 25 years. The Nebraska Supreme Court found that that although the sentences pronounced were valid, they did not match the district court's intention, and that the district court miscalculated when Castillas would be eligible for parole and for mandatory discharge. The Supreme Court noted that a defendant must serve the mandatory minimum potion of a sentence before earning good time credit toward the maximum portion of the sentence. The court then stated,

*Mandatory minimum sentences cannot be served concurrently. A defendant convicted of multiple counts each carrying a mandatory minimum sentence must serve the sentence on each count consecutively.*

Accordingly, the court was required to sentence Castillas to consecutive terms for each conviction carrying a mandatory minimum. The [district] court incorrectly computed Castillas' parole eligibility date because it mistakenly used 20 years as the mandatory

minimum sentence instead of the required 25 years. Five of the convictions were Class IC felonies, each carrying a mandatory 5-year minimum.

*State v. Castillas*, 285 Neb. at 191, 826 N.W.2d at 268 (emphasis supplied). The Nebraska Supreme Court then determined that Castillas would be eligible for parole in 27½ years and subject to mandatory discharge in 52½ years, assuming no loss of good time.

Subsequently, in *State v. Lantz*, 21 Neb. App. 679, 842 N.W.2d 216 (2014) (*Lantz I*), Lantz was convicted of three counts of first degree sexual assault of a child (each conviction carried a mandatory minimum sentence of 15 years' imprisonment). He was sentenced to 15 to 25 years' imprisonment on each of the three counts; the sentence in count II was to run consecutively to count I, and the sentence in count III was to run concurrently with the sentences in counts I and II. On appeal, this court addressed Lantz' sentencing under our authority to note plain error. Relying on *State v. Castillas, supra* (see italicized language above), we held that the mandatory minimum sentences of 15 years for each count had to run consecutively to each other. Thus, we remanded with directions for the district court to resentence Lantz on count III to provide that this sentence must be served consecutively to those for counts I and II. This court's opinion was released on January 21, 2014; the Nebraska Supreme Court denied Lantz' petition for further review on March 12.

Three months later, on June 20, 2014, the Nebraska Supreme Court released its opinion in *State v. Berney*, 288 Neb. 377, 847 N.W.2d 732 (2014). Berney was convicted of two counts of burglary and then found to be a habitual criminal (habitual criminal enhancement establishes a mandatory minimum of 10 years' imprisonment). The district court sentenced Berney to 10 to 10 years' imprisonment for each burglary conviction. And based on its interpretation of *State v. Castillas, supra*, the district court concluded that it was required to order the sentences to be served consecutively. Berney appealed and alleged, in relevant part, that the district court abused its discretion by imposing consecutive mandatory minimum sentences on the enhanced convictions. He further alleged that the statement in *Castillas* requiring mandatory minimum sentences to be imposed consecutively was not germane to the holding affirming the defendant's sentences and therefore did not bind the lower courts. The Nebraska Supreme Court agreed. It stated:

> In *Castillas*, our focus was on the calculation to determine parole eligibility and whether a discrepancy between the trial court's intention and the actual sentence imposed resulted in prejudice to the defendant. We determined that although the court erred in its mathematical determination of the defendant's parole eligibility date, he was not prejudiced, because his sentences were still within the statutory limits.
>
> In *Castillas*, the defendant's convictions for use of a deadly weapon to commit a felony required the trial court to impose both a mandatory minimum sentence and to order these sentences to be consecutive to any other sentence imposed. See [Neb. Rev. Stat.] § 28-1205(1)(c) and (3) and Neb. Rev. Stat. § 28-105(1) (Reissue 2008). . . . The court ordered all of the defendant's sentences to run consecutively, not just his convictions for use of a deadly weapon.
>
> When determining the amount of time the defendant in *Castillas* would be required to serve before being eligible for parole, we stated: "Mandatory minimum sentences cannot be served concurrently. A defendant convicted of multiple counts each carrying a

mandatory minimum sentence must serve the sentence on each count consecutively." 285 Neb. at 191, 826 N.W.2d at 268. *We were not speaking of enhancements under the habitual criminal statute, but of those specific crimes that required a mandatory minimum sentence to be served consecutively to other sentences imposed.*

*There is a distinction between a conviction for a crime that requires both a mandatory minimum sentence and mandates consecutive sentences, and the enhancement of the penalty for a crime because the defendant is found to be a habitual criminal. In the former, the mandatory minimum sentence must be served consecutively to any other sentence imposed, because the statute for that crime requires it. In the latter, the law does not require the enhanced penalty to be served consecutively to any other sentence imposed. The sentence is left to the discretion of the court.*

In the case at bar, burglary does not require a mandatory minimum sentence. The fact that the punishment was enhanced under the habitual criminal statute does not require the enhanced mandatory minimum penalties for such crimes to be served consecutively. *Because the crime of burglary did not require mandatory minimum sentences, it was error for the district court to rely upon State v. Castillas*, 285 Neb. 174, 826 N.W.2d 255 (2013), *as authority that sentences enhanced under the habitual criminal statute must be served consecutively to each other.*

The defendant in *Castillas* was convicted of crimes that carried mandatory minimums which were required by statute to be served consecutively to all other sentences imposed. Berney's convictions for burglary did not require mandatory minimum sentences, but were enhanced under the habitual criminal statute. This distinction is important. The habitual criminal statute requires a mandatory minimum sentence of 10 years. See § 29-2221(1). But nothing in the habitual criminal statute requires the enhanced sentences to be served consecutively.

Generally, it is within a trial court's discretion to direct that sentences imposed for separate crimes be served either concurrently or consecutively. . . . Unless prohibited by statute or unless the sentencing court states otherwise when it pronounces the sentences, multiple sentences imposed at the same time run concurrently with each other.

*State v. Berney*, 288 Neb. at 382-83, 847 N.W.2d at 736-37. Accordingly, although the Nebraska Supreme Court affirmed the sentences of 10 years for each burglary conviction, it remanded the cause to the district court to determine whether Berney's sentences should be served concurrently or consecutively.

Approximately two months after *State v. Berney, supra*, was released, Sessions signed the written plea agreement and entered his no contest plea on August 18, 2014.

The next year, the Nebraska Supreme Court released its opinion in *State v. Lantz*, 290 Neb. 757, 861 N.W.2d 757 (2015) (*Lantz II*). Following *Lantz I*, Lantz was resentenced by the district court so that his sentences of 15 to 25 years' imprisonment for each of his three convictions of first degree sexual assault of a child had to run consecutively. Lantz appealed, arguing that the holding in *State v. Berney, supra*, conflicted with the decision in *Lantz I*, and that the district court had discretion to impose concurrent sentences. His fundamental argument was that the statute for first degree sexual assault of a child (§ 28-319.01) did not require that sentences for crimes under that

section be served consecutively in the same manner as provided under the statute for use or possession of a weapon during the commission of a felony (§ 28-1205(3)), and that therefore, the district court retained discretion to order concurrent sentences. The Nebraska Supreme Court granted bypass in order to address sentencing for crimes carrying mandatory minimum penalties. It stated, "The tension between *Berney* and *Lantz* [*I*] was created by the overly broad language [regarding our discussion of mandatory minimum sentences] in *State v. Castillas,* 285 Neb. 174, 826 N.W.2d 255 (2013)." *Lantz II*, 290 Neb. at 761, 861 N.W.2d at 731. It then stated that it clarified the broad *Castillas* statement in *Berney*. However, for the first time, the Nebraska Supreme Court stated, "To the extent that our language in *Castillas* can be interpreted to mean that all convictions carrying a mandatory minimum sentence must be served consecutively to all other sentences, such interpretation is expressly disapproved." *Lantz II*, 290 Neb. at 763, 861 N.W.2d at 732. It then found that it was not plain error for the district court to sentence Lantz concurrently for his third conviction of first degree sexual assault of a child, and it vacated the resentencing order and remanded the cause with directions to reinstate the original sentences imposed by the district court.

(c) Was Sessions' Trial Counsel Deficient?

Based on our review of the case law at the time Sessions entered his plea, we cannot say his trial counsel was deficient for advising Sessions that convictions of the Class IB felonies "may, or may not" require the imposition of consecutive sentences, and that the law was "uncertain in that regard." Although the Nebraska Supreme Court's decision in *State v. Berney*, 288 Neb. 377, 847 N.W.2d 732 (2014), could be read as clarifying *Castillas* to mean that mandatory minimum sentences must be served consecutively to other sentences imposed only when provided by statute, the *Berney* case could also be read as distinguishing enhancement cases from other mandatory minimum sentence cases. We agree with the State that it was not until *Lantz II* that Nebraska case law was truly clarified on this issue, because it was not until *Lantz II* that the broad language of *Castillas* was expressly disapproved. *Lantz II* was released more than 6 months after Sessions' plea.

2. PREJUDICE

Even if trial counsel was deficient, Sessions cannot show he was prejudiced. As noted by the district court, Sessions "was correctly advised in writing that because his case had multiple charges, the Court could impose sentences concurrently which means at the same time or consecutively which means back to back." "The written plea agreement certainly conveys that the consecutive sentences were an option" for the district court, and "whether it was mandatory or not, the discretion given to the sentencing Court to run the counts consecutively still existed and thus the risk Mr. Sessions cites as too risky for trial was present."

Additionally, in a claim for ineffective assistance of counsel, the likelihood of the defense's success should be considered with other factors such as the likely penalties the defendant would face if convicted at trial, the relative benefit of the plea bargain, and the strength of the State's case. *State v. Beehn*, 303 Neb. 172, 927 N.W.2d 793 (2019). Self-serving declarations that a defendant would have gone to trial are not enough to warrant a hearing; a defendant must present

objective evidence showing a reasonable probability that he or she would have insisted on going to trial. *Id*.

Here, Sessions received a very favorable plea. He was originally facing six counts (applicable penalty ranges at that time are noted in parentheticals): one Class IIIA felony (punishable by up to 5 years' imprisonment, a $10,000 fine, or both); one Class II felony (punishable by 1 to 50 years' imprisonment); two Class IB felonies (each punishable by a mandatory minimum of 15 years' imprisonment and up to life imprisonment); and two Class III felonies (each punishable by 1 to 20 years' imprisonment, a $25,000 fine, or both). Instead, pursuant to the plea agreement, Sessions pled no contest to and was convicted of two Class II felonies (each punishable by 1 to 50 years' imprisonment). Thus, he went from facing two mandatory minimum 15-year charges to no mandatory minimums.

Furthermore, the State's case against Sessions was strong. Sessions can be heard on an audio recording admitting to acts perpetrated against one of the named victims, M.S., that would have satisfied three of the charges in the original information (the Class IIIA felony, the Class II felony, and one of the Class III felonies). And there was a video recording of a child advocacy interview with the other named victim, K.S., which revealed acts perpetrated against him by Sessions that would have satisfied the other three charges in the original information (the two Class IB felonies and the other Class III felony).

We agree with the district court's finding that "Sessions offers nothing in the record other than his own self-serving statement" that would show he would have insisted on going to trial. Based on the foregoing, Sessions has not shown prejudice.

## VI. CONCLUSION

For the reasons stated above, we affirm the district court's decision to deny Sessions' motion for postconviction relief without an evidentiary hearing.

AFFIRMED.