IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. PIGEE

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

DAMON D. PIGEE, APPELLANT.

Filed February 28, 2017.    No. A-15-1113.

Appeal from the District Court for Douglas County: W. MARK ASHFORD, Judge. Affirmed.

Matthew R. Kahler, of Finley & Kahler Law Firm, P.C., L.L.O., for appellant.

Douglas J. Peterson, Attorney General, and Melissa R. Vincent for appellee.

RIEDMANN, BISHOP, and ARTERBURN, Judges.

BISHOP, Judge.

## INTRODUCTION

Damon D. Pigee filed an amended motion for postconviction relief in the district court for Douglas County, alleging ineffective assistance of trial counsel and appellate counsel, prosecutorial misconduct, and judicial misconduct. Pigee appeals the district court's order denying his motion without an evidentiary hearing. We affirm.

## BACKGROUND

On four separate occasions between November 2010 and April 2011, Pigee sold firearms to a confidential informant working with law enforcement. All of the sales were either captured on audio or video recordings or were observed by law enforcement officers.

On August 29, 2011, Pigee was charged in Douglas County District Court with four counts of possession of a deadly weapon by a prohibited person (Counts 1-4) pursuant to Neb. Rev. Stat. § 28-1206 (Reissue 2016), each a Class ID felony, and one count of delivering/distributing

- 1 -

marijuana (Count 5), a Class III felony. Pigee pled guilty to Counts 1-4, and, in exchange, Count 5 was dismissed; the State also agreed to dismiss another case pending against Pigee and agreed to not pursue a habitual criminal enhancement. The district court sentenced Pigee to 10 to 40 years' imprisonment on each count, with the sentences to run consecutively. Pigee, with new counsel, filed a direct appeal to this court, arguing only that his sentence was excessive. We granted the State's motion for summary affirmance in Pigee's direct appeal; the mandate issued on April 5, 2013.

Pigee filed (pro se) a verified motion for postconviction relief on June 5, 2013, and an amended motion on October 15. In the amended motion, he made several claims of ineffective assistance of trial and appellate counsel, prosecutorial misconduct, and judicial misconduct. The district court denied Pigee's amended motion, without an evidentiary hearing, on November 19, 2014.

In its order, the district court stated that Pigee's claims of prosecutorial and judicial misconduct could have been reviewed on direct appeal and, therefore, these claims were procedurally barred. Additionally, since Pigee had a different attorney on direct appeal, his claims of ineffective assistance of trial counsel had to be raised on direct appeal if they were known to Pigee or were apparent from the record. Accordingly, the court found that Pigee's claims related to the ineffective assistance of trial counsel were procedurally barred. As to Pigee's claim of ineffective assistance of appellate counsel, the court noted that appellate counsel's failure to raise an issue on appeal could be ineffective assistance if there is a reasonable probability that inclusion of the issue would have changed the result of the appeal. Therefore, in considering appellate counsel's ineffectiveness, the district court considered Pigee's claims of prosecutorial and judicial misconduct, and his claims of ineffective assistance of trial counsel. The court concluded that Pigee's allegations were conclusory and did not set forth sufficient facts to establish a constitutional infringement or were otherwise refuted by the record. The court further concluded that even if Pigee had alleged sufficient facts to show trial counsel was deficient, Pigee did not suffer any prejudice because of the favorable nature of the plea agreement. Pigee timely appealed.

## ASSIGNMENT OF ERROR

Pigee assigns that the district court erred in dismissing his motion for postconviction relief without holding an evidentiary hearing.

## STANDARD OF REVIEW

In appeals from postconviction proceedings, an appellate court reviews de novo a determination that the defendant failed to allege sufficient facts to demonstrate a violation of his or her constitutional rights or that the record and files affirmatively show that the defendant is entitled to no relief. *State v. Sellers*, 290 Neb. 18, 858 N.W.2d 577 (2015). An evidentiary hearing on a motion for postconviction relief must be granted when the motion contains factual allegations which, if proved, constitute an infringement of the movant's rights under the Nebraska or federal Constitution. *Id.*

A claim that defense counsel provided ineffective assistance presents a mixed question of law and fact. *State v. Dunkin*, 283 Neb. 30, 807 N.W.2d 744 (2012). On appeal from a proceeding

for postconviction relief, the trial court's findings of fact will be upheld unless such findings are clearly erroneous. *Id.* Determinations regarding whether counsel was deficient and whether the defendant was prejudiced are questions of law that we review independently of the lower court's decision. *Id.*

ANALYSIS

The Nebraska Postconviction Act, Neb. Rev. Stat. § 29-3001 et seq. (Reissue 2016), provides that postconviction relief is available to a prisoner in custody under sentence who seeks to be released on the ground that there was a denial or infringement of his constitutional rights such that the judgment was void or voidable. *State v. Crawford*, 291 Neb. 362, 865 N.W.2d 360 (2015). Thus, in a motion for postconviction relief, the defendant must allege facts which, if proved, constitute a denial or violation of his or her rights under the U.S. or Nebraska Constitution, causing the judgment against the defendant to be void or voidable. *Id.* If a postconviction motion alleges only conclusions of fact or law, or if the records and files in the case affirmatively show that the defendant is entitled to no relief, the court is not required to grant an evidentiary hearing. *Id.*

In order to establish a right to postconviction relief based on a claim of ineffective assistance of counsel, the defendant has the burden, in accordance with *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), to show that counsel's performance was deficient; that is, counsel's performance did not equal that of a lawyer with ordinary training and skill in criminal law. *State v. Armendariz*, 289 Neb. 896, 857 N.W.2d 775 (2015). Next, the defendant must show that counsel's deficient performance prejudiced the defense in his or her case. *Id*. When a conviction is based upon a guilty plea, the prejudice requirement for an ineffective assistance of counsel claim is satisfied if the defendant shows a reasonable probability that but for the errors of counsel, the defendant would have insisted on going to trial rather than pleading guilty. *Id*. The two prongs of this test, deficient performance and prejudice, may be addressed in either order. *Id*. The entire ineffectiveness analysis is viewed with a strong presumption that counsel's actions were reasonable. *Id*.

Under Nebraska law, in order to raise the issue of ineffective assistance of trial counsel where appellate counsel is different from trial counsel, a defendant must raise on direct appeal any issue of ineffective assistance of trial counsel which is known to the defendant or is apparent from the record, or the issue will be procedurally barred on postconviction review. *State v. Molina*, 271 Neb. 488, 713 N.W.2d 412 (2006). When claims of a trial counsel's performance are procedurally barred, we examine claims regarding trial counsel's performance only if the defendant assigns as error that appellate counsel was ineffective for failing to raise trial counsel's performance. *State v. Duncan*, 278 Neb. 1006, 775 N.W.2d 922 (2009).

When analyzing a claim of ineffective assistance of appellate counsel, courts usually begin by determining whether appellate counsel failed to bring a claim on appeal that actually prejudiced the defendant. *State v. Huston,* 291 Neb. 708, 868 N.W.2d 766 (2015). That is, courts begin by assessing the strength of the claim appellate counsel failed to raise. *Id.* Counsel's failure to raise an issue on appeal could be ineffective assistance only if there is a reasonable probability that inclusion of the issue would have changed the result of the appeal. *Id.* When a case presents layered

ineffectiveness claims, we determine the prejudice prong of appellate counsel's performance by focusing on whether trial counsel was ineffective under the *Strickland* test. *Id.* If trial counsel was not ineffective, then the defendant suffered no prejudice when appellate counsel failed to bring an ineffective assistance of trial counsel claim. *Id.*

In this postconviction action, since appellate counsel was different than trial counsel, the issue is whether appellate counsel failed to bring a claim on direct appeal that actually prejudiced Pigee such that inclusion of the issue would have changed the result of the appeal; and, to determine prejudice, we focus on whether trial counsel was ineffective. See *State v. Huston, supra.* In his brief, Pigee argues that appellate counsel should have raised the following claims: trial counsel failed to correctly inform Pigee of the penal consequences for his charges; trial counsel incorrectly advised Pigee that he was eligible for habitual offender charges; and trial counsel failed to depose witnesses, file appropriate motions, and failed to review discovery materials with Pigee. Accordingly, we examine these claims to determine whether trial counsel's performance was deficient, and whether there was a reasonable probability that but for the deficient performance of trial counsel, Pigee would have insisted on going to trial rather than pleading guilty.

*Penal Consequences.*

Pigee claims that "trial counsel failed to correctly inform [Pigee] of the penal consequences for his charges," prior to entering his plea. Brief for appellant at 9. Pigee pled guilty to and was convicted of four counts of possession of a deadly weapon (firearm) by a prohibited person pursuant to § 28-1206, each a Class ID felony. At that time, a Class ID felony was punishable by a mandatory minimum of 3 years' imprisonment and a maximum of 50 years' imprisonment. Neb. Rev. Stat. § 28-105 (Reissue 2008). Section 28-1206 does not require imposition of consecutive sentencing such as that set forth in Neb. Rev. Stat. 28-1205 (Reissue 2016) (use of a deadly weapon to commit a felony, or possession during commission of, requires that sentences imposed under the statute shall be consecutive to any other sentence imposed). In June 2012, the district court sentenced Pigee to 10 to 40 years' imprisonment on each count, with the sentences to run consecutively.

Generally, it is within a trial court's discretion to direct that sentences imposed for separate crimes be served either concurrently or consecutively. *State v. Lantz,* 290 Neb. 757, 861 N.W.2d 728 (2015). In Nebraska, unless prohibited by statute or unless the sentencing court states otherwise when it pronounces the sentences, multiple sentences imposed at the same time run concurrently with each other. *Id.* Although some statutes expressly require consecutive sentencing, not all sections of the criminal code imposing mandatory minimum sentences require consecutive sentencing. See *id.* The Legislature's exclusion of a requirement that all mandatory minimum sentences be served consecutively was intended to leave this issue to the discretion of the trial court. See *id.*

During the plea hearing, the district court went over each charge with Pigee, and beginning with Count 1, the court specifically stated that it was "what we call a [Class] ID offense. It carries a mandatory minimum of three calendar years in prison up to 50 years." After discussing each of the four charges, the district court summed up the nature and consequences of Pigee's guilty pleas to Counts 1-4 as follows.

THE COURT: As I've already indicated, these are all Class ID felonies carrying three calendar years up to 50 years in prison. If I accept your plea and I do find you guilty, the penalties could be, as I indicated, three calendar years up to 50 on each count. Obviously you're not a very good candidate for probation, you know that. I mean, I'm not -- I want you to know that up front. *But also if I order you to serve time, which I would have to do on these charges, I could order the time to be served on each count what they call consecutive*, which means you'd have to serve time on Count I before you commence time on Count II, finish II before you go to III, and likewise, III to IV. *That's consecutive. Do you understand that?*

[Pigee]: *Yes, sir.*

THE COURT: I'm going to have to study to make sure whether I could even give concurrent sentences on the three calendar years on each count. That is a possibility, but that would mean you'd serve all the time at one time, all four counts. Do you understand that?

[Pigee]: Yes, sir.

THE COURT: I guess I would defer also to counsel on that issue if they want to look into that a little more carefully.

[Trial Counsel]: I'd be glad to, Judge.

THE COURT: I will, too. But the point is, I don't know what the sentence will be today. Do you understand what I'm saying to you, sir?

[Pigee]: Yes, sir.

(Emphasis supplied.)

Pigee asserts that both trial counsel and the district court were "unaware" of whether Pigee's sentences were required to run consecutively at the time of his guilty pleas. He states, "[T]he district court advised [Pigee] it was a 'possibility' he could serve all four sentences simultaneously, which was factually incorrect." Brief for appellant at 9. Pigee argues that "there is no question that [Pigee] was not properly advised of the full penal consequences prior to entering his plea in this matter." *Id.*

The State argues that Pigee failed to identify which penal consequences trial counsel failed to disclose and why these unknown consequences would have caused Pigee to choose a trial over a guilty plea; and therefore, Pigee asserts only a legal conclusion, which is not sufficient to warrant an evidentiary hearing. In the alternative, the State contends that Pigee cannot show prejudice by his trial counsel's allegedly deficient performance because Pigee was aware of the sentencing range for his crimes and because he was aware of the possibility of consecutive sentences. The State says that although the district court expressed some uncertainty as to whether Pigee's sentences could run concurrently, this in no way affected the validity of the advisement or Pigee's decision to plead guilty. We agree with the State on both arguments.

Pigee does not identify exactly what penal consequences trial counsel failed to disclose, but it would appear from Pigee's assertion that the district court was "factually incorrect" with regard to the possibility of concurrent sentences, that Pigee is suggesting trial counsel was deficient in failing to inform him that his sentences would be required to be served consecutively. However,

this claim is not supported by the record and the law. Pigee's sentences did not have to be served consecutively. Unless specifically required by statute, whether mandatory minimum sentences are to be served consecutively is left to the discretion of the trial court. See *State v. Lantz, supra*. And although the district court and trial counsel expressed some uncertainty as to whether Pigee's sentences could be served consecutively or concurrently, the court stated either was possible. The court and trial counsel indicated their intention to study the issue. At the sentencing hearing, trial counsel stated that a sentencing memo had been submitted, and that "the initial question, Judge, was one of legality as to whether [Pigee] could receive consecutive sentences on the minimum mandatory of three years for each count." The district court responded, "He can." Trial counsel then stated, "I think you initially at the change of plea, Judge, had asked me to submit something, and he can." There is no indication trial counsel or the district court erroneously believed consecutive sentences were required. Instead, the court's reasoning indicates a clear intent to impose the consecutive sentences because of the gravity of the offenses. The court stated that Pigee will serve "at least 26 calendar years and as many as 70-some years. That's what gun dealers/gun runners deserve."

Further, whatever Pigee's trial counsel may have informed Pigee about sentencing is of no consequence since Pigee cannot show that he would have gone to trial but for what trial counsel may have erroneously advised him; in other words, he cannot show prejudice. Before entering his pleas, the trial court correctly advised Pigee of the penalties for his charges, including the possibility of consecutive or concurrent sentencing. Pigee acknowledged that he understood this, and knowing that it was possible his sentences could be ordered to be served consecutively or concurrently, he still entered his pleas.

Appellate counsel's failure to raise an issue on appeal could be ineffective assistance only if there is a reasonable probability that inclusion of the issue would have changed the result of the appeal. *State v. Huston,* 291 Neb. 708, 868 N.W.2d 766 (2015). If trial counsel was not ineffective, then the defendant suffered no prejudice when appellate counsel failed to bring an ineffective assistance of trial counsel claim. *Id.* A claim of ineffective assistance of trial counsel on this claim would not have changed the result of Pigee's direct appeal. The district court did not err in denying an evidentiary hearing on this ineffective assistance of appellate counsel claim.

*Habitual Criminal Enhancement.*

Pigee argues that his appellate counsel was ineffective for failing to allege on appeal that trial counsel was ineffective for improperly advising Pigee that he was eligible to be charged with being a habitual offender despite having only one prior conviction. Pigee asserts there is not sufficient evidence in the record to properly address this claim and that he must be given an evidentiary hearing to explore this issue and determine its merit.

However, the State contends that this claim is not properly preserved for appeal because Pigee failed to raise this claim in his amended motion for postconviction relief. In Pigee's initial motion filed June 5, 2013, Pigee alleged that trial counsel was ineffective by misrepresenting the law with regard to habitual criminal enhancement. However, Pigee's amended motion filed October 15, fails to include this claim.

In *State v. Armendariz*, 289 Neb. 896, 857 N.W.2d 775 (2015), the appellant argued that the Nebraska Supreme Court should consider allegations of ineffective assistance of counsel, including those from the original motion for postconviction relief not included in the amended motion. The Supreme Court said that "[a]n amended pleading supersedes the original pleading, whereupon the original pleading ceases to perform any office as a pleading. It is clear the district court did not err in limiting its analysis to the motion that was before it--the amended motion." *Id.* at 912, 857 N.W.2d at 789.

*State v. Armendariz, supra*, applies here. Although Pigee raised trial counsel's misrepresentation of the law with regard to habitual criminal enhancement in his original motion for postconviction relief, he failed to include this claim in his amended motion. Because this allegation was not raised in the amended motion, the district court could not have erred in failing to grant an evidentiary hearing on it, and we need not consider it on the merits. See *State v. Armendariz, supra*.

*Remaining Allegations of Ineffective Assistance.*

In addition to the previous ineffective assistance claims, Pigee states that his "assertions regarding trial counsel's failure to depose witnesses, file appropriate motions, and lack of review of the discovery materials with [Pigee] suggest that an evidentiary hearing is warranted with respect to each of these claims." Brief for appellant at 10. That is the full extent of discussion in Pigee's brief as to these remaining claims. He does not explain how trial counsel was deficient by failing to do these asserted actions or how accomplishing any of these actions would have caused Pigee to insist on going to trial rather than pleading guilty.

The State contends that these remaining claims were not sufficiently argued by Pigee because he "does not describe the claims in any detail or explain why the district court's decision was incorrect." Brief for appellee at 12. The district court concluded:

> [Pigee] has set forth numerous allegations relating to counsel failing to explain certain issues or in not investigating certain matters, but none of these allegations show what evidence would have been gathered, how a different result would have been obtained, or that somehow such actions by counsel would have led to [Pigee] insisting on going to trial rather than accept the plea agreement. Simply put, [Pigee's] allegations are conclusory, do not set forth sufficient facts to establish a constitutional infringement or are refuted by the record.

We agree. Pigee does not address how the district court's decision as to these claims was in error. Further, Pigee was required to specifically assign and argue his trial counsel's allegedly deficient conduct as to these specific claims. See *State v. Filholm*, 287 Neb. 763, 848 N.W.2d 571 (2014). An appellate court will not address arguments that are too generalized or vague to be understood. See *State v. Wagner*, 295 Neb. 132, 888 N.W.2d 357 (2016). Even if we accept that Pigee's assertion of these remaining claims qualifies as a subpart to his broad assignment of error, Pigee must nevertheless specifically argue how these alleged inactions by trial counsel demonstrate deficient performance. Pigee provides no argument whatsoever. An argument that does little more than to restate an assignment of error does not support the assignment, and an appellate court will

not address it. *State v. Filholm, supra.* Accordingly, we do not address these claims of ineffective assistance of counsel.

## CONCLUSION

The district court did not err when it dismissed Pigee's motion for postconviction relief without an evidentiary hearing.

AFFIRMED.