Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
11/23/2018 12:11 AM CST

STATE OF NEBRASKA, APPELLEE, V.
RASHAD WASHINGTON, APPELLANT.

___ N.W.2d ___

Filed October 26, 2018.    Nos. S-17-1002, S-17-1026.

1. **Judgments: Appeal and Error.** The construction of a mandate issued
   by an appellate court presents a question of law on which an appellate
   court is obligated to reach a conclusion independent of the determination
   reached by the court below.
2. **Courts: Appeal and Error.** The order of an appellate court is con-
   clusive on the parties, and no judgment or order different from, or in
   addition to, that directed by the appellate court can be entered by the
   trial court.

Appeals from the District Court for Douglas County: PETER
C. BATAILLON, Judge. Affirmed.

Brian S. Munnelly for appellant.

Douglas J. Peterson, Attorney General, and Austin N. Relph
for appellee.

HEAVICAN, C.J., MILLER-LERMAN, STACY, FUNKE, and
PAPIK, JJ.

HEAVICAN, C.J.

INTRODUCTION

Rashad Washington appeals from the district court's denial
of his motion to vacate and the subsequent reinstatement of
sentences originally ordered on April 18, 2011. Washington
appeals. We affirm.

## BACKGROUND

This case is procedurally complex. Following a jury trial, Washington was convicted of nine counts for first degree assault; second degree assault; possession of a firearm by a prohibited person; discharging a firearm in certain cities, villages, and counties; three counts of use of a weapon to commit a felony; possession of a firearm by a prohibited person; and possession of a stolen firearm. These charges result from separate incidents occurring on March 17 and 27, 2010.

On April 18, 2011, the district court sentenced Washington to a combined total of 70 to 110 years' imprisonment. The district court then informed Washington, incorrectly, that he would be eligible for parole in 35 years, less the 387 days already served, and released in 55 years, less the 387 days already served. Two days later, on April 20, the district court attempted to resentence Washington to reflect the court's intent that Washington would be eligible for parole in a certain number of years or be released in a certain number of years.

Washington appealed, but on June 19, 2011, in case No. A-11-402, his appeal was dismissed by the Nebraska Court of Appeals for lack of jurisdiction, because a poverty affidavit had not been filed.

The State filed a petition to docket error proceedings, which was granted. In its petition, the State argued that the April 20, 2011, attempt to resentence Washington was of no effect. The Court of Appeals agreed and on February 27, 2012, in case No. A-11-416, held that the April 18 sentence remained in effect, but the court remanded the matter for a new advisement on good time calculations. The district court held a hearing to that effect on May 1, 2012, with a written order following on May 3.

By this time, Washington was represented by new counsel. That counsel filed a notice of appeal on Washington's behalf, arguing insufficiency of the evidence, excessiveness of the sentences imposed, and ineffectiveness of counsel at the April

18, 2011, sentencing hearing.[1] The Court of Appeals declined to reach the assigned errors, but found plain error in the sentences imposed based upon this court's decision in *State v. Castillas*.[2]

The Court of Appeals relied upon our statement in *Castillas* that "'[m]andatory minimum sentences cannot be served concurrently. A defendant convicted of multiple counts each carrying a mandatory minimum sentence must serve the sentence on each count consecutively,'" to conclude that the district court's imposition of concurrent sentences for the second degree assault and discharging a firearm convictions were error.[3] Accordingly, the Court of Appeals remanded the matter for resentencing on those convictions, with recalculated good time advisements. Washington was so resentenced on September 30, 2013, with a written order filed on October 1.

In January 2014, Washington filed various motions seeking postconviction relief in the form of a new direct appeal and the appointment of counsel for that appeal. Those motions were granted, an evidentiary hearing was held, and a new direct appeal granted.

In an unpublished memorandum opinion dated December 29, 2016, in consolidated cases Nos. A-15-317 and A-15-323, the Court of Appeals affirmed Washington's convictions, but based on this court's clarification of *Castillas*,[4] reversed and vacated the sentences imposed by the district court on September 30, 2013. The Court of Appeals further ordered that the district court reinstate the sentences imposed on April 18, 2011.

---

[1] *State v. Washington*, No. A-12-470, 2013 WL 2326983 (Neb. App. May 28, 2013) (selected for posting to court website).

[2] *State v. Castillas*, 285 Neb. 174, 826 N.W.2d 255 (2013), *disapproved in part, State v. Lantz*, 290 Neb. 757, 861 N.W.2d 728 (2015).

[3] *State v. Washington, supra* note 1, 2013 WL 2326983 at *3.

[4] See *State v. Lantz, supra* note 2.

The Court of Appeals also found that all but two of Washington's ineffective assistance of counsel claims were without merit, except for Washington's claim that counsel failed to preserve a constitutional challenge to Neb. Rev. Stat. § 28-1212.04 (Reissue 2016) and that counsel failed to fully discuss and advise Washington concerning each count of the information and amended information. As to those two claims, the Court of Appeals found an insufficient record. Washington's motion for rehearing to the Court of Appeals and petition for further review to this court were both denied.

Upon remand, Washington filed a motion to vacate his conviction for discharge of a firearm in certain cities, villages, and counties under § 28-1212.04, arguing the statute is unconstitutional on its face. Washington requested that the motion to vacate be taken up before the court reinstated the sentences as directed by the mandate. The district court concluded that it lacked jurisdiction to do anything other than reinstate the sentences imposed on April 18. Accordingly, the district court denied the motion to vacate and reinstated the April 18 sentences. Washington appeals the denial of his motion to vacate.

## ASSIGNMENTS OF ERROR

On appeal, Washington assigns that (1) § 28-1212.04 is facially unconstitutional, as violative of the prohibition against local and special laws as stated in Neb. Const. art. III, § 18, and the Equal Protection Clause of the 14th Amendment to the U.S. Constitution, and (2) the district court's failure to consider the merits of the federal equal protection challenge on the basis of state procedural grounds violated the Supremacy Clause of article VI, clause 2, of the U.S. Constitution.

## STANDARD OF REVIEW

[1] The construction of a mandate issued by an appellate court presents a question of law on which an appellate court

is obligated to reach a conclusion independent of the determination reached by the court below.[5]

## ANALYSIS

The issue presented by this appeal is whether the district court was obligated to consider the constitutional claim raised by Washington in his motion to vacate, when that motion was filed after remand from a decision of the Court of Appeals which ordered the district court to resentence Washington in a particular way. The district court declined to reach the motion, concluding that the mandate from the Court of Appeals allowed it only to resentence Washington. But Washington contends that the federal constitutional challenge trumps the state procedural rules under the Supremacy Clause of the U.S. Constitution, requiring the district court to address his claim.

We have reviewed the cases upon which Washington relies and find them inapplicable here. Washington primarily relies upon cases which involve the collateral review of a statute already found to be unconstitutional and simply hold that the sentence imposed for such a violation is void.[6] But the statute which Washington argues is unconstitutional has not yet been found to be unconstitutional, and the cases he relies upon do not opine on the underlying procedure that should be followed in making such a determination. We are therefore unpersuaded by Washington's assertion that the lower court was obligated under the Supremacy Clause to address his constitutional claims.

[2] This court has held that when a cause is remanded with specific directions, the court to which the mandate is directed has no power to do anything but to obey the mandate. The

---

[5] *State v. Payne*, 298 Neb. 373, 904 N.W.2d 275 (2017).

[6] See, *Montgomery v. Louisiana*, ___ U.S. ___, 136 S. Ct. 718, 193 L. Ed. 2d 599 (2016); *MacDonald v. Moose*, 710 F.3d 154 (4th Cir. 2013); *State v. Nollen*, 296 Neb. 94, 892 N.W.2d 81 (2017); *State v. Castaneda*, 287 Neb. 289, 842 N.W.2d 740 (2014).

order of an appellate court is conclusive on the parties, and no judgment or order different from, or in addition to, that directed by the appellate court can be entered by the trial court.[7] Thus, pursuant to the mandate of the Court of Appeals, the district court had the power only to resentence Washington. There is no merit to Washington's assertions to the contrary.

## CONCLUSION

The district court did not err by not addressing Washington's constitutional challenge. We affirm.

AFFIRMED.

Cassel and Freudenberg, JJ., not participating.

---

[7] *State v. Molina*, 271 Neb. 488, 713 N.W.2d 412 (2006); *State v. Gales*, 269 Neb. 443, 694 N.W.2d 124 (2005); *State v. Hochstein and Anderson*, 262 Neb. 311, 632 N.W.2d 273 (2001).