IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. ANDERSON

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

CORY J. ANDERSON, APPELLANT.

Filed April 27, 2021.    No. A-20-519.

Appeal from the District Court for Lancaster County: JOHN A. COLBORN, Judge. Affirmed.

Lisa F. Lozano for appellant.

Douglas J. Peterson, Attorney General, and Melissa R. Vincent for appellee.

RIEDMANN, BISHOP, and WELCH, Judges.

BISHOP, Judge.

## INTRODUCTION

Cory J. Anderson pled no contest to violating the Sex Offender Registration Act (SORA), with a prior conviction under SORA, for which the Lancaster County District Court sentenced him to 2 to 4 years' imprisonment. Anderson claims his trial counsel was ineffective. We affirm.

## STATEMENT OF FACTS

### PREVIOUS CONVICTIONS

In 2012, Anderson was convicted in Buffalo County District Court case No. CR 12-02 of attempted first degree sexual assault of a child, a Class II felony. He was sentenced to 4 to 8 years' imprisonment. As a result of his conviction, he was subject to SORA for a period of 25 years.

In December 2018, Anderson was convicted in Lancaster County District Court case No. CR 18-596 (case No. CR 18-596) of violating SORA, a Class IIIA felony. He was subsequently

- 1 -

sentenced in February 2019, to 1 year of incarceration, followed by 18 months' postrelease supervision.

CURRENT CASE

On April 21, 2020, the State filed a complaint in the county court for Lancaster County charging Anderson with one count of "[SORA] Violation - Prior Felony," a Class IIA felony, pursuant to Neb. Rev. Stat. § 29-4011(2) (Reissue 2016). The complaint stated that the penalty for the charged crime was "0-20 Yrs; Mand Min 1 Yr." The State alleged that between January 1 and April 20, 2020, Anderson, being subject to SORA, "fail[ed] to inform the sheriff of the county in which he . . . resides, in person, and complete a form as prescribed by the Nebraska State Patrol for such purpose, when he . . . had a new address, temporary domicile, or habitual living location, within three working days before the change." The State also alleged that Anderson had previously been convicted of a SORA violation in case No. CR 18-596.

After the case was bound over to the district court, the State filed an information in case No. CR 20-408 on May 18, 2020, charging Anderson with one count of "[SORA] Violation - Prior Felony," a Class IIA felony, pursuant to § 29-4011(2), as it had in county court, the only difference being that the charged offense was now alleged to have occurred between November 20, 2019, and April 20, 2020. Like the complaint, the information stated that the penalty for the charged crime was "0-20 Yrs; Mand Min 1 Yr."

At a hearing held via Zoom on May 19, 2020, and as relevant to this appeal, Anderson was arraigned on the information in case No. CR 20-408. During the arraignment, the charge against Anderson was read by the State, and the State advised him that the penalty for the charged offense was "up to 20 years['] incarceration, and a mandatory minimum of one year incarceration." Anderson confirmed his understanding of the charge and the penalty. When asked by the district court how he wished to plead, Anderson stated, "No Contest." The court then advised Anderson that he could withdraw his plea up until the time it was accepted by the court.

The district court informed Anderson of his constitutional rights and the nature of the charge against him. Anderson confirmed his understanding. The court also informed Anderson of the possible penalty for the charge. Specifically, the court advised Anderson that the penalty for the charged offense was "up to 20 years['] imprisonment, with a mandatory minimum of one year imprisonment." Anderson once again confirmed his understanding of the possible penalty.

Pursuant to a plea agreement, Anderson then pled no contest to the charge in the information in case No. CR 20-408, stipulated to having a prior SORA violation conviction in case No. CR 18-596, and pled no contest in case No. CR 18-596 to violating his postrelease supervision in that case. In exchange for Anderson's plea, the State agreed to dismiss a separate criminal case against him. According to the factual basis provided by the State in case No. CR 20-408,

> On December 30th, 2019, Sergeant Armstrong, with the Lincoln Police Department, was provided information from the Lancaster County probation officer, Kimberly Grant, that Mr. Anderson was not in compliance with the Nebraska Sex Offender Registry. The officer confirmed that Mr. Anderson is currently on the Nebraska Sex Offender Registry for 25 years, stemming from a conviction on June 20th, 2012, for attempted first degree sexual assault of a child, out of Buffalo County District Court, file No. CR12-2.

According to the Nebraska Sex Offender Registry, Mr. Anderson registered his address at [an address on] E Street, Lincoln, Lancaster County, Nebraska, on September 3rd, 2019 . . . ; [the address on] E Street is a transitional living house managed by CenterPointe Out-Patient Services.

The probation office reported to the officer that she currently supervises Mr. Anderson's probation, stemming from the 2019 conviction of [a SORA] violation. . . . [H]e was subject to electronic monitoring. She reported to the officer that she was notified that the battery on [Anderson's] electronic device went dead on November 26th, 2019; and she reported on November 27th, 2019, she followed up with staff at [the address on] E Street, which was the following day of the battery dying, and learned that [Anderson] was no longer residing at that street.

On January 7th, Sergeant Kennett of the Lincoln Police Department conducted follow-up . . . in reference to [Anderson's] residency. He contacted Lindsey Butcher, a case manager with CenterPointe, and residential manager of transitional living. Butcher reported that [Anderson] had moved out and had not resided [there] since November 27th, 2019. He had failed to make any notification in person, of his move, to the Lancaster County Sheriff's Department within three working days before that change, and had not provided a new address to the Nebraska Sex Offender Registry.

Additionally, Your Honor, on April 20th, 2020, . . . deputies with the Lancaster County Sheriff's Office were dispatched to [an address on] Northwest 27th Street, reference [sic] [Anderson] residing at the residence and having multiple, confirmed warrants.

[Anderson] was identified by an Angela Miller, who works at the bed and breakfast on the property . . . . She reported that [Anderson] had been living at the residence since late January 2020. Ashley Neukirch, [Anderson's girlfriend], was interviewed and stated she has been living with [Anderson] [at the address on] Northwest 27th Street since mid-January of 2020.

[Anderson] had previously been convicted of the charge of Sex Offender Registration violation . . . on February 27th, 2019, in the District Court of Lancaster County, at file No. CR18-596 . . . .

All of these events occurred in Lancaster County, Nebraska.

As relevant to this appeal, the district court accepted Anderson's no contest plea to the charge in the information in case No. CR 20-408 and found him guilty of the same; based on Anderson's stipulation, the court also found beyond a reasonable doubt that this was a second offense as alleged in the information. The court ordered a presentence investigation and the sentencing hearing was set for June 24, 2020.

On June 24, 2020, the district court sentenced Anderson to 2 to 4 years' imprisonment in case No. CR 20-408. The sentence was to run concurrent to Anderson's sentence in case No. CR 18-596, and consecutive to any other sentence previously imposed on Anderson. The court's order stated that Anderson "must serve 1 year, minus credit for any time previously served, towards

parole eligibility and 2 years, minus credit for any time previous[ly] served, towards mandatory discharge." Anderson was given credit for 36 days already served.

Anderson appeals.

## ASSIGNMENT OF ERROR

Anderson assigns that he "received ineffective assistance of trial counsel when trial counsel failed to advise [him] of the mandatory minimum sentence of one year of incarceration, which led [him] to enter a plea that was not freely, intelligently, voluntarily, and understandingly made."

## STANDARD OF REVIEW

Whether a claim of ineffective assistance of trial counsel may be determined on direct appeal is a question of law. *State v. Blaha*, 303 Neb. 415, 929 N.W.2d 494 (2019). In reviewing claims of ineffective assistance of counsel on direct appeal, an appellate court decides only whether the undisputed facts contained within the record are sufficient to conclusively determine whether counsel did or did not provide effective assistance and whether the defendant was or was not prejudiced by counsel's alleged deficient performance. *Id.*

## ANALYSIS

Generally, a voluntary guilty plea or plea of no contest waives all defenses to a criminal charge. *Id*. Thus, when a defendant pleads guilty or no contest, he or she is limited to challenging whether the plea was understandingly and voluntarily made and whether it was the result of ineffective assistance of counsel. *Id.*

Anderson claims his trial counsel was ineffective. He is represented on direct appeal by different counsel than trial counsel. When a defendant's trial counsel is different from his or her counsel on direct appeal, the defendant must raise on direct appeal any issue of trial counsel's ineffective performance which is known to the defendant or is apparent from the record. *State v. Lierman*, 305 Neb. 289, 940 N.W.2d 529 (2020). Once raised, the appellate court will determine whether the record on appeal is sufficient to review the merits of the ineffective performance claims. *Id.* A record is sufficient if it establishes either that trial counsel's performance was not deficient, that the appellant will not be able to establish prejudice, or that trial counsel's actions could not be justified as a part of any plausible trial strategy. *State v. Theisen*, 306 Neb. 591, 946 N.W.2d 677 (2020).

In order to know whether the record is insufficient to address assertions on direct appeal that trial counsel was ineffective, appellate counsel must assign and argue deficiency with enough particularity (1) for an appellate court to make a determination of whether the claim can be decided upon the trial record and (2) for a district court later reviewing a petition for postconviction relief to be able to recognize whether the claim was brought before the appellate court. *State v. Lierman, supra*. When a claim of ineffective assistance of trial counsel is raised in a direct appeal, the appellant is not required to allege prejudice; however, an appellant must make specific allegations of the conduct that he or she claims constitutes deficient performance by trial counsel. *Id.* In *State v. Mrza*, 302 Neb. 931, 935, 926 N.W.2d 79, 86 (2019), the Nebraska Supreme Court stated, "We now hold that assignments of error on direct appeal regarding ineffective assistance of trial counsel

must specifically allege deficient performance, and an appellate court will not scour the remainder of the brief in search of such specificity."

Generally, to prevail on a claim of ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the defendant must show that his or her counsel's performance was deficient and that this deficient performance actually prejudiced the defendant's defense. *State v. Blaha, supra.* To show that counsel's performance was deficient, a defendant must show that counsel's performance did not equal that of a lawyer with ordinary training and skill in criminal law. *Id.* In a plea context, deficiency depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases. *Id.* When a conviction is based upon a guilty or no contest plea, the prejudice requirement for an ineffective assistance of counsel claim is satisfied if the defendant shows a reasonable probability that but for the errors of counsel, the defendant would have insisted on going to trial rather than pleading guilty. *Id.* The two prongs of the ineffective assistance of counsel test under *Strickland* may be addressed in either order. *State v. Blaha, supra.*

Keeping those governing principles of law in mind, we turn to address Anderson's claim that his trial counsel was ineffective because counsel failed to advise him of the mandatory minimum sentence of 1 year of incarceration, which led Anderson to enter a plea that was not freely, intelligently, voluntarily, and understandingly made. The State agrees with Anderson that the record is insufficient to address this claim. We conclude otherwise.

Under SORA, § 29-4011(2) states:

Any person required to register under the act who violates the act and who has previously been convicted of a violation of the act is guilty of a Class IIA felony and shall be sentenced to a mandatory minimum term of at least one year in prison unless the violation which caused the person to be placed on the registry was a misdemeanor, in which case the violation of the act shall be a Class IIIA felony.

Anderson's current conviction constituted a Class IIA felony under § 29-4011(2). Normally, a Class IIA felony is punishable by up to 20 years' imprisonment, with no minimum term of imprisonment. See Neb. Rev. Stat. § 28-105 (Cum. Supp. 2020). However, given that Anderson was charged under § 29-4011(2), the possible penalty for his offense was a mandatory minimum of 1 year imprisonment, and up to a maximum of 20 years' imprisonment. See §§ 28-105 and 29-4011(2). In order to support a finding that a plea of guilty or no contest has been entered freely, intelligently, voluntarily, and understandingly, among other requirements the record must establish that the defendant knew the range of penalties for the crime with which he or she is charged. *State v. Russell*, 291 Neb. 33, 863 N.W.2d 813 (2015). Anderson does not challenge the possible penalty range for his charged offense, only that he was not advised of the mandatory minimum sentence by his trial counsel.

Anderson argues that "during his meetings with trial [c]ounsel, he was told that for his plea he could receive a possible sentence of up to 20 years['] incarceration," but "was not instructed by his trial counsel that the charges . . . contained a mandatory minimum sentence of one year of incarceration." Brief for appellant at 13. Our record does not reveal any conversations between Anderson and his counsel, including whether or not counsel advised Anderson of the mandatory minimum sentence of 1 year of incarceration. However, the record reflects that Anderson was

otherwise advised of the mandatory minimum sentence. First, the mandatory minimum sentence was set forth in the complaint and information filed against him, both of which stated that the penalty for the charged crime was "0-20 Yrs; Mand Min 1 Yr." Second, Anderson was personally advised of the mandatory minimum sentence by both the State and the district court at the arraignment/plea hearing on May 19, 2020. Specifically, and dispositive of this appeal, is the fact that the court advised Anderson that the penalty for the charged offense was "up to 20 years imprisonment, *with a mandatory minimum of one year imprisonment*." (Emphasis supplied.) And Anderson confirmed his understanding of the possible penalty on the record at the May 19 hearing. Thus, even if Anderson's counsel failed to advise him of the mandatory minimum sentence of 1 year of incarceration, Anderson cannot show prejudice because he received such advisement by the court and confirmed his understanding thereof. Accordingly, this claim of ineffective assistance of trial counsel fails.

Anderson also argues, but does not assign as error, that his trial counsel failed to explain that he would not receive credit for good time during his first year of incarceration and that the district court's truth in sentencing advisement somehow contributed to Anderson not being capable of understanding the possible sentence he faced. However, an alleged error must be both specifically assigned and specifically argued in the brief of the party asserting the error to be considered by an appellate court. *State v. Stelly*, 308 Neb. 636, 955 N.W.2d 729 (2021). And as previously noted, the Nebraska Supreme Court has made it clear that "assignments of error on direct appeal regarding ineffective assistance of trial counsel must specifically allege deficient performance, and an appellate court will not scour the remainder of the brief in search of such specificity." See *State v. Mrza*, 302 Neb. at 935, 926 N.W.2d at 86. Anderson only assigned error related to his trial counsel being ineffective for failing to advise him of the mandatory 1-year minimum sentence. Therefore, this claim was not properly raised on appeal and does not require us to engage in further discussion.

That said, we nevertheless conclude that Anderson cannot establish prejudice related to a 6-month difference in parole eligibility when he was still willing to plead after his trial counsel advised him he could receive up to 20 years' imprisonment and he had been informed of the mandatory 1-year minimum sentence. Also, any alleged error in the district court's truth in sentencing advisement has no bearing on Anderson's claim of ineffective assistance of trial counsel, and any such error has no impact on the sentence ordered. A conflict between a court's sentence and its truth in sentencing advisement is of no consequence for the offender's term of imprisonment. See *State v. Castillas*, 285 Neb. 174, 826 N.W.2d 255 (2013), *disapproved on other grounds, State v. Lantz*, 290 Neb. 757, 861 N.W.2d 728 (2015).

## CONCLUSION

For the reasons stated above, we find that Anderson's assigned claim of ineffective assistance of trial counsel fails. We therefore affirm his conviction and sentence.

AFFIRMED.